## STATE v. BURNS.

No. 5224. Decided May 20, 1932. [11 P. (2d) 605.]

*McCullough & Callister,* of Salt Lake City, for appellant.

*Geo. P. Parker,* Atty. Gen., and *L. A. Miner,* Deputy Atty. Gen., for the state.

WORTHEN, District Judge.

The defendant was convicted of being a persistent violator of title 54 (sections 3341-3381), Compiled Laws of

Utah 1917, as amended by chapter 10, Laws of Utah 1925. The charging part of the information reads: "That the said Al Burns, on the 28th day of January, A. D. 1931, at the County of Salt Lake, State of Utah, did then and there wilfully, unlawfully, knowingly and feloniously have in his possession intoxicating liquor, to wit, whiskey, the said Al Burns being then and there a persistent violator of Title 54, Section 3343, Compiled Laws of Utah 1917, and Section 3345, Compiled Laws of Utah 1917, as amended by Session Laws of Utah 1919, as amended by Session Laws of Utah, 1925, he having heretofore, to wit, on the 21st day of November, 1930, in the City Court of Salt Lake City, before D. Harrington, City Judge and Ex-Officio Justice of the Peace in Salt Lake City, Salt Lake County, State of Utah, been convicted of knowingly having in his possession intoxicating liquor."

The defendant assigns four grounds of error, only two of which we deem worthy of consideration. The first is the refusal of the court to grant defendant's motion for a new trial, and the second, the refusal of the court to grant his motion in arrest of judgment. We shall first consider the refusal to grant the motion in arrest of judgment. The point presented in the brief and urged in the oral argument is that no penalty is provided for the crime charged in the information and that the court was without authority to impose the penalty imposed.

Section 3345 as amended by chapter 10, Laws of 1925, so far as applicable, read:

"* * * A person having once been convicted in any city or municipal court, or before a city justice of the peace for having violated any city ordinance prohibiting any person from knowingly having in his possession intoxicating liquor * * * and who thereafter violates any of the provisions of this title, shall be considered a persistent violator of this title as provided in this section."

Defendant contends that no penalty is provided for a persistent violator whose only offense is having been convicted

of a violation of a city ordinance prohibiting any person from knowingly having in his possession intoxicating liquor. Defendant further insists that since the prior conviction was had as alleged before D. Harrington, city judge and ex officio justice of the peace, the state has failed to establish a case.

This contention cannot prevail. The bill of exceptions does not contain any of the evidence adduced at the trial before the submission of the case to the jury. The evidence offered in support of the prior conviction is not before us. If the state relied upon a prior conviction for violating a city ordinance, the defendant, if he relies upon its insufficiency, should have presented a transcript of that evidence.

Every presumption must be indulged in favor of the judgment and the sentence and the sufficiency of the evidence to sustain the same. This court will not now assume that the prior conviction was for the violation of a city ordinance in order that it may pass on the question raised by the defendant as to whether or not a penalty is provided under chapter 10, Laws of 1925, where the prior conviction was for violation of a city ordinance.

Where the appeal is from a court of general jurisdiction, and the transcript is not brought up, it will be presumed that sufficient evidence was introduced to support the judgment and that the court complied with all the requirements of the law in imposing sentence. 17 C. J. p. 226, § 3571. The burden was on the defendant, when there was a conviction in the court below, to show that error was committed. We are therefore of the opinion that this assignment cannot prevail.

Defendant also assigns as error the denial of his motion for a new trial, on the ground of separation of the jury and misconduct of certain jurors. In support of this motion one of defendant's attorneys filed an affidavit wherein he alleged that the bailiff, who had charge of the jury during the time they were deliberating on the case and before a

verdict was reached, without leave of court permitted the following jurors to leave the room and go into the county clerk's office and use the telephone: Perry W. Beckstead, F. S. Leaver, F. M. Brookie, and a Mr. Jensen. Called as a witness, the bailiff testified:

"I took the jurors one at a time. The fact that they were going to be late they thought they wanted to phone their homes and tell their folks they wouldn't be home until late, and I took them one at a time up to the clerk's office so they might phone home.

"Q. How many jurors did you take out for that purpose? A. Four or five."

The testimony further discloses that the specified jurors were out of the jury room one at a time for a period of from one minute to five minutes; that each time a juror was taken out the jury room was locked against any one getting in from the outside, but that any juror could have opened the door from the inside and gone out; that the bailiff was in the clerk's office while Mr. Beckstead was phoning; that no other bailiff had charge of the jury while he was in the clerk's office with Mr. Beckstead; and that the separation was allowed without leave of court. A continuance of the hearing was granted over defendant's objection, and thereafter the four jurors named in the affidavit filed by defendant's counsel were examined.

Mr. Leaver testified that he was out of the jury room from three to five minutes before the verdict was reached; that he phoned home to tell his folks that the jury had not come to a conclusion and not to wait for him; that he made no other call and did not discuss the case with anyone over the phone; that the bailiff accompanies him to the clerk's office; that there were people in the hall and he spoke to one of the clerks as follows: "He just asked how long we were going to be, and I told him I didn't know."

Mr. Brookie testified that he was absent from the jury room five minutes before the verdict was reached; that he telephoned to tell his wife that he would be delayed but

did not know how long; that he said nothing more regarding the case; that he did not discuss the case with anyone; that the bailiff took him to the door of the clerk's office and showed him where to use the phone; that he joined the bailiff in the hall and went back to the jury room and the bailiff let him in the door.

Mr. Beckstead testified that he left the jury room before the verdict was reached for the purpose of phoning; that he phoned to his wife and told her that he did not know what time he would be home; that that was all he said; that he did not discuss the case with any one after leaving the jury room; that the bailiff in charge of the jury was with him during all the time he was in the clerk's office; that he may have been in the clerk's office as long as ten minutes, but he thought about five.

Mr. Jensen testified that he left the jury room prior to the time the verdict was reached to use the telephone; that he was accompanied by the bailiff; that he called his wife and told her to move the car and take it home that he would not be home until morning; that she asked him what was the matter, and he told her he could not tell her; that he did not discuss anything in reference to the case with anybody else; that he was away from the jury room not more than five minutes and was accompanied by the bailiff; that the clerk's office where he used the telephone was about one hundred fifty feet from the jury room.

We have set out fully the testimony in substance of the four jurors examined. Counsel for the defendant insists that in view of the bailiff's testimony that he took out four or five jurors and the failure of the state to examine the other four, it must be presumed that a fifth juror was permitted to separate from the jury and misconduct such as to warrant a new trial will be presumed. Were the testimony clear that five jurors left the room, and it were not shown what transpired during the absence of one of the jurors, the contention might have

merit. The bailiff did not testify that he took out five jurors, but that he took out four or five. If defendant was in possession of facts showing that a fifth juror left the jury room, he should have alleged that in support of his motion. As heretofore stated, the affidavit in support of the motion for a new trial alleged that the bailiff permitted four jurors whose names were given to leave the jury room. We are of the opinion that no sufficient showing was made as to any other juror having left than the four mentioned in the affidavit, and the state was not required to call the other members of the jury to rebut any such vague and indefinite inference.

Counsel for the defendant also urged that the testimony shows that the jurors remaining in the jury room could have left the room in the absence of the bailiff and that such misconduct on their part must be presumed. One of the important rights to which every defendant is entitled is to be tried by a fair and impartial jury upon the evidence received at the trial. To insure this, a defendant is entitled to the full diligence of the bailiff having the jury under his charge to see that the jury during its deliberations is subjected to no influence that may impair this substantial right. But the presumption is that the jury performed its duty in a proper manner, and it is incumbent on the defendant to prove misconduct where he relies on misconduct of the jury. No showing is made that any juror or jurors left the jury room while the bailiff was in the clerk's office. It was the duty of the jurors to remain in the jury room until they had finished their deliberations. It was likewise their duty to talk with no one other than a fellow juror about the case; and in the absence of any showing otherwise, the court must assume that the jurors, during the time the bailiff was in the clerk's office and absent from the vicinity of the jury room, were guilty of no misconduct. As to the four jurors who left to use the telephone, it is established that the separation was without the court's permission. Where such a separation

was permitted without leave of court, the burden is on the prosecution to show that the defendant suffered no prejudice thereby. 16 C. J. p. 1224, § 2742½.

This court said, in *State* v. *Thorne,* 39 Utah 208, 117 P. 58, 67:

"After a final submission of a case to a jury, and before reaching a conclusion as to their verdict, to permit a juror without the court's permission to leave his fellow jurors and go to another portion of the building and there engage in a private conversation over the telephone is a practice not to be tolerated."

In that case the court further said:

"From the misconduct disclosed and the exposure of the juror to harmful influences, prejudice is presumed, and the burden cast on the state to show what the communication was, and that it was harmless and could not have influenced or affected the deliberations of the juror or his verdict."

In this case the four jurors were examined and gave the testimony set out by us herein. From a consideration of the testimony we are unable to see wherein defendant suffered any prejudice. Each juror testified fully as to what he did and said; the bailiff accompanied each juror from the jury room to the clerk's office and back to the jury room.

We are of the opinion that the prosecution met the full burden of showing that no prejudice was suffered by defendant.

The judgment and sentence of the district court is affirmed.

STRAUP, ELIAS HANSEN, FOLLAND and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., did not participate herein.