298 P.2d 527

**Macario ARELLANO, Plaintiff and Appellant,**

v.

**The WESTERN PACIFIC RAILROAD COMPANY, a corporation, Defendant and Respondent.**

**No. 8486.**

Supreme Court of Utah.

June 12, 1956.

Patterson & Kunz, Ogden, for appellant.
Van Cott, Bagley, Cornwall & McCarthy, Clifford L. Ashton, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal by plaintiff from a jury verdict, "no cause of action" and from the court's order denying plaintiff's motion for a new

trial. This action was brought under the Federal Employers' Liability Act, 45 U.S. C.A. § 51.

Plaintiff alleged that he was injured as a result of the defendant's negligence as follows:

1. Defendant ordered him to perform dangerous and unsafe acts when it knew or should have known that other and safer methods of performing the work were available.

2. That defendant failed to provide plaintiff with proper tools.

3. That defendant failed to provide plaintiff with a reasonably safe place to work.

The court in its pre-trial order stated:

"1. The grounds on which the plaintiff contends that the defendant was negligent are limited to the following:

"a. That the defendant did not furnish the plaintiff with the proper tools and equipment for the work he was ordered to do.

"b. That the defendant did not furnish the plaintiff a safe place in which to work."

The following facts are not in dispute: Plaintiff, a 64 year old illiterate Mexican, was employed as a section hand on defendant's railroad; he was injured during the course of his employment in Nevada. Plaintiff fell while the section crew on which he was working was unloading riprap from the railroad track into an adjoining culvert. There is no dispute that plaintiff was injured when he fell. The dispute which is presented by the testimony involves the question as to whether plaintiff slipped and fell into the culvert, as testified to by defendant's roadmaster, or was knocked into the culvert by rolling stones after he, at the order of the roadmaster, dislodged a stone or stones.

Plaintiff testified that the roadmaster ordered him to remove a particular rock near the bottom of the pile; he was unable to dislodge the rock indicated so he picked up a rock adjacent to it and as he turned to throw it aside the pile of rocks was loosened and one rock struck plaintiff in the back, and knocked him down and he was then struck by another rock on the arm and shoulder. No testimony was offered by plaintiff to corroborate his story.

Defendant's roadmaster testified that while the rocks were being moved he observed that plaintiff seemed very unsteady on his feet and he yelled to him to "get out of the way before he got hurt." Instead of getting out of the way plaintiff walked to the edge of the pile and stumbled and fell. The roadmaster testified that at the time plaintiff slipped and fell he was not engaged in removing or attempting to remove a rock.

The jury accepted the roadmaster's version of the injury and found the issues in favor of defendant. Since the verdict is supported by ample competent evidence it will not be disturbed.

Plaintiff asserts that he is entitled to a new trial and bases his right thereto on the following grounds:

(1) Improper instructions given by the court and requested instructions improperly refused.

(2) Misconduct of a juror.

 We have examined the instructions given by the court and plaintiff's requested instructions. The trial court properly instructed the jury as to plaintiff's rights under the Federal Employers' Liability Act; that the defendant is liable in damages to any employee of such carrier for injury resulting in whole or in part from the negligence of the employee of such carrier; that plaintiff's contributory negligence if any should not bar a recovery. The trial court properly submitted to the jury the questions of negligence, contributory negligence and proximate cause. Proper requests for instructions made by plaintiff were either given as requested or were covered by other instructions given by the court.

The court properly presented plaintiff's theory to the jury.

It is not disputed that the law in question requires an employer to provide a safe place to work and a safe method of work and that the employer must not direct an employee to assume an unnecessary risk.

The jury was instructed that if the defendant did not exercise reasonable care in directing the plaintiff in the performance of his work, or exposed plaintiff to an unreasonable risk of harm then they should find for plaintiff. Whether or not the defendant exercised reasonable care was presented to the jury and the jury found in favor of defendant. We fail to perceive wherein the court erred in giving the instructions complained of or in failing to instruct as requested by plaintiff.

Nor do we think the court committed error in refusing to grant a new trial on account of misconduct of a juror. It is charged that one of the jurors talked with his brother, an attorney, about the case, and that such conversation is a violation of Rule 47(k), Utah Rules of Civil Procedure, which provides:

"(k) Separation of Jury. If the jurors are permitted to separate, either during the trial or after the case is submitted to them, they shall be admonished by the court that it is their duty not to converse with, or suffer themselves to be addressed by, any other person on any subject of the trial, and that it is their duty not to form or express an opinion thereon until the case is finally submitted to them."

Plaintiff, in support of his motion for a new trial, offered three affidavits. One affidavit was signed by Richard Garcia, a spectator at the trial and a distant non-blood relative of plaintiff. It was declared that a lawyer, who was a brother of one of the jurors, had a conversation with one of defendant's attorneys in the hallway outside the courtroom; that affiant heard the brother of the juror say that, "he knew all about the case being tried because he had

a brother on the jury." The other affidavits were each signed by a juror who heard the case. One declared that the juror, who was a brother of the lawyer mentioned in Garcia's affidavit said "I don't know much about it, but I have some relations who are lawyers and I know a little bit about law."

Both of the last mentioned affidavits stated that the juror in question led out in the discussion and suggested that neither of the parties was negligent and that there was no cause of action.

Although the juror's brother is not charged with any misconduct, his conversation with one of respondent's attorneys is offered as proof of the alleged misconduct of the jury. It cannot be contended that the conversation between the defendant's attorney and the juror's brother was prejudicial. The juror's brother was a stranger to the case and so far as is disclosed the conversation was unknown to the jury.

██ Let it be assumed, however, that it had been proved that the accused juror talked with his brother concerning the case. Such conduct violates Rule 47(k). Does such misconduct require the trial court to grant a new trial? It is doubted if such misconduct on the part of a juror, nothing more appearing than here, would justify the court in granting a new trial. Certainly the court did not commit error in refusing to grant the new trial.

In Burton v. Zions Cooperative Mercantile Institution,[1] this court at page 517 said:

"* * * it is undoubtedly true that he may grant a mistrial if he believes the incident *may have* or *probably* influenced the jury, to the prejudice of either party. If he concludes that the conduct *probably did,* that is, that it is more likely than not, that it did prejudice the jury, the mistrial should be granted. But if he believes it *probably did not* prejudice the jury, the motion for mistrial should be denied. * * *

* * * * * *

"Once the trial court has exercised his discretion and made his judgment thereon, the prerogative of this court on review is much more limited. If the trial court could reasonably decide that the jury would not be prejudiced and that the parties could have a fair trial, his ruling must stand. In other words, unless his determination appears to be so unreasonable that upon review it appears that he was plainly wrong, in that there is a strong likelihood that the plaintiff could not have had a fair trial, we cannot say that his failure to grant one was an abuse of discretion. * * *"

No evidence or testimony was introduced showing any actual communication between the juror and his brother or any other relation or that the alleged misconduct actually prejudiced the plaintiff's cause.

██ In the case of State v. Burns [2] we held that the presumption is that

1. 249 P.2d 514.

2. 79 Utah 575, 11 P.2d 605.

jurors have conducted themselves properly throughout the trial. This presumption must be rebutted by some definite proof of misconduct and that the said misconduct was prejudicial. The fact that a juror has a brother who is an attorney and that the juror takes the lead in the jury room is not sufficient proof of prejudice. Some further proof must be made that the juror actually conversed with his brother and that such conversation influenced the juror so as to prejudice the plaintiff's cause. There was no such showing in the instant case.

Affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, HENRIOD, and WADE, JJ., concur.