490 P.2d 1189

STATE of Arizona, Appellee,

v.

Kermit Nello BURTON, Appellant.

Nos. I CA–CR 289, I CA–CR 290.

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 29, 1971.

Rehearing Denied Jan. 5, 1972.

Review Denied March 7, 1972.

Gary K. Nelson, Atty. Gen., by Carl Waag, Mary Z. Chandler, Asst. Attys. Gen., Phoenix, for appellee.

John V. Riggs, Tempe, for appellant.

EUBANK, Judge.

Two criminal appeals involving identical issues and parties were consolidated for hearing in a pre-Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), setting. These appeals raised principally the question of the voluntariness of the appellant's "plea-bargained" guilty plea to two charges: attempting to pass a forged personal money order and forgery of a Valley National Bank credit card. Since the mandate of Boykin is prospective from June 2, 1969, State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969), appellant's claim of error must be judged with reference to the basic fairness of the proceedings in determining the voluntariness of the plea, rather than the standards subsequently promulgated in Boykin, of which the trial judge could not have been aware at the time of the plea. State v. Johnson, 107 Ariz. 169, 484 P.2d 1 (1971).

The change of plea arose out of the following circumstances. The appellant was charged in a criminal complaint alleging that he had attempted to cash a stolen personal money order at the drive-in window of the Valley National Bank. At a preliminary hearing held on March 27, 1968, the bank teller positively identified the appellant as the culprit. Thereafter, on July 31, 1968, another criminal complaint was filed against the appellant charging him with forgery of a Valley National Bank credit card. At the preliminary hearing for the July charge held on September 11, 1968, the defendant was again positively identified as the perpetrator. The defendant also had two other charges pending against him in superior court (CR 55974 and CR 56074). These charges included a charge alleging a prior conviction.

Subsequently, the defendant, who was represented by private counsel at all stages of the proceedings, entered into a plea bargain with the Maricopa County Attorney whereby he agreed to plead guilty to the two charges involved in this appeal, if the County Attorney would dismiss the other two latter charges, including the charge alleging the prior conviction. This was agreed to by all parties and the bargain

was consummated on January 7, 1969, when defendant pled guilty as agreed and the two charges, together with the allegation of the prior conviction, were dismissed. On January 30, 1969, the defendant was sentenced to the Arizona State Prison for two concurrent 12 to 14 year terms, both of which were consecutive to a sentence on a different and prior conviction which was upheld by this Court in State v. Burton, 8 Ariz.App. 186, 444 P.2d 743 (1968).

The defendant appealed from the concurrent sentence but was later permitted by this Court to dismiss that appeal with leave to file a Rule 60(c), Rules of Civil Procedure, 16 A.R.S., motion in superior court to vacate the judgment and sentence. Upon filing his Rule 60(c) motion a hearing was held at which the defendant, his former attorney and the trial court's probation officer testified. Following the hearing the motion to vacate the convictions and sentences was denied and this appeal followed.

■ The defendant contends that his plea of guilty was procured by duress and was therefore involuntary and hence the conviction and sentence void. Of course, a plea of guilty induced by duress would require that the judgment of conviction and sentence be set aside. State v. Murray, 101 Ariz. 469, 421 P.2d 317 (1966).

Defendant asserts as a basis for his claim of duress, that he entered his plea of guilty because his attorney demanded payment or he would withdraw from the case; that there was excessive publicity at the time; that he was reincarcerated in September of 1969, when his conviction in State v. Burton, supra, was affirmed on appeal, and he was placed in a cell next to some Black Muslims which was unpleasant for him; and that he had maintained his innocence throughout the proceedings.

■ However, our review of the record shows that the appellant entered his guilty plea voluntarily and with an understanding of the consequences and significance of the plea of guilty to both charges. It is perhaps true, as appellant contends that he was motivated by certain pressures, but it is also clear from the record that by pleading guilty only to the two crimes involved herein, with dismissal of the prior conviction charges, defendant eliminated the possibility that his maximum sentence could be within the range of 10 years to life imprisonment. In our opinion, the appellant has not shown that duress was involved to render his guilty plea involuntary.

■ Defendant next asserts that he was denied adequate representation of counsel. We have reviewed the record in this matter and find that counsel's conduct and advice were more than adequate and indeed reveal a mature knowledge of the criminal justice system. State v. Brown, 107 Ariz. 375, 489 P.2d 12 (1971); State v. Bustamante, 103 Ariz. 551, 447 P.2d 243 (1968).

The appellant's final contention is that the sentence is illegal and void because the extrinsic data furnished the trial court by way of the adult probation officer's presentence report was inaccurate to some degree. At the time of sentencing the appellant estimated that the pre-sentence report was 90 percent correct and 10 percent incorrect. He admitted numerous criminal acts which were entirely against property, but complained that much general information concerning the extent of his activities was incorrect or that such activities were the responsibility of some third party.

■ A.R.S. § 13–1642 places upon the trial court the duty to determine and impose the punishment prescribed for each crime. This includes the court's consideration of the nature and circumstances surrounding the crime charged and a consideration of the general background and character of the defendant before imposing the sentence. State v. Ortiz, 104 Ariz. 493, 455 P.2d 971 (1969). To assist the trial judge in the sentencing function, the legislature has provided an adult probation officer whose duties include making pre-sentence reports for the sentencing (A.R.S. §

64

12–253, as amended). The function of the pre-sentence report is to provide facts on which the trial judge can base an intelligent decision as to the proper sentence to be imposed. State v. Scanlon, 104 Ariz. 187, 450 P.2d 377 (1969). Of course the accuracy of the information contained in the report is important to the pre-sentence and sentencing process. However, in the circumstances of the case at bar, there is no complaint that the great majority of the information contained in the report was not correct. Under such circumstances, the weight to be given the contents of the report was a matter for the trial judge to determine and we need not assume that the judge was adversely influenced by any improper statement in the report. Additionally, in our opinion the sentence given the appellant is not excessive even if, for purposes of argument, we were to disregard the pre-sentence report and rely entirely on appellant's admissions to the court at the time of sentencing.

It should also be noted that no motion was made by the appellant under Rule 336, Rules of Criminal Procedure, 17 A.R. S., for a mitigation hearing, and the defendant was permitted to address the court in his own behalf at length, prior to the imposition of sentence. Further, the record reveals that no motion was directed to the court prior to sentencing requesting a copy of the pre-sentence report for defendant's examination. Since such a motion would have been directed to the trial court's discretion (State v. Nelson, 104 Ariz. 52, 448 P.2d 402 (1968)), the failure to request such examination constitutes a waiver of the question which could not have been raised on the direct appeal and certainly cannot be questioned on the review of a Rule 60(c) motion, which is addressed to the sound discretion of the trial court.

The order denying relief is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.