541 P.2d 411

**STATE of Arizona, Appellee,**

v.

**Jack Edward SCHLARP, Appellant.**

**No. I CA–CR 956.**

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 21, 1975.

Rehearing Denied Nov. 12, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Jim D. Smith, Yuma, for appellant.

## OPINION

EUBANK, Judge.

On November 6, 1974, the defendant-appellant Jack Edward Schlarp was sentenced to a minimum period of incarceration of 45 years and a maximum of 75 years in Arizona State Prison for violating the importation of heroin statute (A.R.S. § 36–1002.02). It is from this sentence that the defendant now appeals.

The facts in this case are that the defendant and the co-defendant, Patricia Ann Anderson, were arrested in Yuma, Arizona, in the early morning hours of August 9, 1974, after the local narcotics task force was informed by the border authorities that two Americans had been discovered murdered near the port of entry at San Luis, Republic of Mexico. The local task force and the border authorities had been working together with the two victims as informants in order to apprehend the defendants who were believed to be smuggling heroin into the United States from Mexico.

After the defendants' arrest a quantity of heroin was discovered within co-defendant's body cavity. Subsequently, Patricia Anderson provided authorities with a statement concerning the smuggling of heroin and an account of the informants' deaths, implicating the defendant Schlarp as the killer. The defendant himself admitted the killing of both informants and his participation in the smuggling of the heroin.

The defendant was charged as follows:

COUNT I: Importation of heroin into Arizona in violation of A.R.S. 36–1002.02 as amended;

COUNT II: Transportation of heroin, in violation of A.R.S. § 36–1002.02 as amended;

COUNT III: Conspiracy to commit murder, in violation of A.R.S. §§ 13–331, 332;

COUNT IV: Conspiracy to commit murder, in violation of A.R.S. §§ 13–331, 332.

The defendant, as a result of a plea bargain, withdrew his plea of not guilty to COUNT I—importation of heroin—and entered a plea of guilty to that charge. In return, the prosecutor moved to dismiss COUNTS II, III and IV, and these were then dismissed by the court. Thus, the sentence imposed on the defendant was on the importation of heroin charge only.

The defendant urges on appeal that the sentence of not less than 45 nor more than 75 years in prison was unduly excessive and thus an abuse of the trial court's discretion. The defendant bases this contention on several factors. First, he feels that both he and his co-defendant Anderson,

who was sentenced to 15 to 25 years, should have been sentenced to the same term since, he contends, "they stood in exactly the same position before the court."

It is well settled in Arizona that there is no requirement that a court impose an identical sentence upon a co-defendant. *State v. Massey*, 2 Ariz.App. 551, 410 P.2d 669 (1966). The defendant feels that he was the victim of sexual discrimination since his female co-defendant received a lesser sentence. According to the transcripts, however, the defendant obtained the gun used in the murders, planned the killings and actually shot the victims, while the co-defendant cooperated and gave a complete statement of the event. In addition, the defendant had been convicted of heroin-related charges in the Federal District Court of Arizona stemming from a June 1974 arrest, while the co-defendant had no prior criminal record. In a similar situation, the court in *People v. Vaughn*, 25 Ill.App.3d 1016, 324 N.E.2d 17 (1975) held that although the defendant's co-participants had been given 30 to 60 and 22 to 50-year sentences, the sentencing of the defendant to 40 to 80 years imprisonment for murder was not excessive where he had a lengthy criminal record and it appeared that it was the defendant who had fired the gun. We thus hold that the sentence which the defendant received was not excessive in itself or vis-a-vis his co-defendant and was not the result of any sexual discrimination, since, although defendants were charged with the same crime, they by no means stood in "exactly" the same position before the court.

The defendant further contends that the trial court undertook to sentence him for two alleged murders rather than for importation of heroin, the offense to which he pleaded guilty.

The sentencing judge can exercise wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by law.

The court may, before imposing sentence, consider both the nature and circumstances of the crime charged and also the character and general background of the defendant. *State v. Burton*, 16 Ariz.App. 61, 490 P.2d 1189 (1971); *State v. Dixon*, 21 Ariz.App. 517, 521 P.2d 148 (1974). In the present case, as evidenced by the transcript, the judge did consider the total circumstances of the offense and also the background of the defendant when he imposed the sentence. We find this to be well within his area of discretion. *See* ABA Standards, *Sentencing Alternatives and Procedures*, Part 5 (1968).

The importation of heroin statute, A.R.S. § 36–1002.02(A), as amended, provides for punishment by imprisonment in the state prison from five years to life without eligibility for release on any basis until the minimum of five years has been served. Consequently, defendant's sentence of not less than 45 nor more than 75 years is well within the boundaries of the statute. A sentence which is within statutory limits will be upheld unless under the circumstances it is so clearly excessive as to constitute an abuse of discretion. *State v. Rovin*, 21 Ariz.App. 260, 518 P.2d 579 (1974). In view of the serious nature of the crimes surrounding the offense committed by the defendant, we find no abuse of discretion by the trial court.

The defendant urges this court to deal with an ancillary issue concerning the sentence imposed. Subsequent to his sentencing, the defendant's counsel moved that the court determine the date on which the defendant would be eligible for parole. The court refused to make such a determination by reason of a lack of jurisdiction. The defendant now asks this court to determine defendant's parole eligibility date.

The statute governing parole eligibility is A.R.S. § 31–411; prior to August 9, 1974, the date on which the amended statute is alleged to have become effective, and the day on which defendant was arrested, a prisoner was allowed to seek review before the parole board when he had

served one-third of his *minimum* sentence. The 1974 amendment to the statute limits parole eligibility to prisoners who have completed one-third of the *maximum* sentence. The defendant claims that one of the crucial reasons why he agreed to the plea bargain was that it was understood that the Yuma County Attorney would not oppose a judicial determination that defendant's parole eligibility date would be governed by A.R.S. § 31–411, as it existed prior to August 9, 1974. The defendant maintains that to keep him in doubt as to his parole eligibility date constitutes cruel and unusual punishment and that his reliance that such a judicial determination would be made at sentencing casts doubt upon the validity of his guilty plea.

■ Dealing first with the court's refusal to make a determination of the defendant's parole eligibility date, we find this ruling well supported in both the statutes and case law. A.R.S. § 31–402(A) places such authority in the Board of Pardons and Paroles, as follows:

> The board of pardons and paroles shall have exclusive power to pass upon and recommend reprieves, commutations, paroles and pardons. No reprieve, commutation, parole or pardon may be granted by the governor unless it has first been recommended by the board.

■ Moreover, while courts may compel the State Board of Pardons and Paroles to act when it is required to act, it may not compel the Board to act in any particular manner since such determinations lie within their statutory authority. *State ex rel. Arizona State Board of Pardons and Paroles v. Superior Court of Maricopa County,* 12 Ariz.App. 77, 467 P.2d 917 (1970). In other words, it is thus within the Board's exclusive powers whether or not to recommend a granting of parole. It is the court's duty only to see that the Board makes a recommendation. Therefore, a

judicial determination, by this Court in this case, of the defendant's parole eligibility date is not ripe since it is premature for the Board to act.[1]

■ The facts that the Yuma County Attorney agreed not to oppose a judicial determination that defendant's parole eligibility date would be governed by A.R.S. § 31–411, as it existed prior to the 1974 amendment, and that the trial court refused to make this determination, do not render the defendant's guilty plea invalid. A similar situation occurred in *State v. Darling,* 109 Ariz. 148, 506 P.2d 1042 (1973). There, the county attorney promised the defendant that he would recommend probation conditioned on psychiatric treatment in exchange for a guilty plea. The court refused to follow this recommendation and imposed a prison sentence on the defendant. The court held that since the county attorney had done exactly what he had promised to do and defendant was aware that there was no guarantee that the court would agree with his recommendation, there was no reason to set aside the plea bargain or the defendant's plea of guilt on that basis.

In this case, the Yuma County Attorney carried out his promise not to oppose judicial determination that the defendant's parole eligibility date would come within the purview of the pre-1974 A.R.S. § 31–411. The County Attorney could not guarantee that the court would rule favorably for the defendant or, for that matter, rule at all. We find that the Yuma County Attorney properly carried out his side of the agreement and the fact that the court did not follow through with the defendant's expectations in no way invalidates the plea bargain or the plea of guilty.

Affirmed.

JACOBSON, P. J., and FROEB, J., concur.

---

1. At the oral argument, a discussion between counsel and the Court ensued relating to the applicability of declaratory judgment relief (A.R.S. § 12–1831 et seq.) to appellant's request. Since such a question was not before us, we make no ruling as to its applicability.