**STATE of Utah, Plaintiff and Respondent,**

v.

**Curtis GARFIELD, Defendant and Appellant.**

**No. 14384.**

Supreme Court of Utah.

July 6, 1976.

Thomas R. Blonquist, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Earl F. Dorius, Asst. Attys. Gen., Salt Lake City, Noall Wootton, Utah County Atty., Provo, for respondent.

MAUGHAN, Justice:

Defendant entered a plea of guilty to the charge of carrying a concealed weapon, a firearm, a felony of the third degree. Subsequently, he was sentenced to an indeterminate term in the Utah State Prison. Defendant appeals asserting the prosecutor violated a plea bargaining agreement. Defendant seeks, in the alternative, specific performance of the agreement; or the right to withdraw his plea of guilty. We remand with instructions.

Defendant entered his plea before Judge Sorensen, who interrogated him extensively. Defendant testified he had not been promised anything in return for entering his plea of guilty. In response to a question as to whether defendant believed the court was bound by anything said in dis-

cussions, between defense counsel and the prosecution, defendant stated: "No, Your Honor, the Court is bound by nothing."

The record establishes unequivocally that prosecutor, Nemelka, promised (in return for a plea of guilty) to recommend probation for defendant, an alcoholic. A condition of the probation would require defendant to refrain from drinking, and complete treatment at the Raleigh Hills Hospital.

Defendant appeared before Judge Harding to be sentenced. Prosecutor Nemelka was on vacation and Prosecutor Moody represented the State. The report of the Adult Probation and Parole Department was submitted to the court. The court sentenced defendant to prison. Defense counsel moved to withdraw the plea of guilty on the ground the plea was entered upon an understanding with the County Attorney's Office that defendant would be placed on probation if he entered the treatment program at Raleigh Hills. Prosecutor Moody represented he was not aware of any such arrangements. Judge Harding stayed the execution of the sentence, to give defendant an opportunity to file a written motion.

The matter was next heard before Judge Bullock who granted a continuance because defense counsel was not present. At this hearing Prosecutor Nemelka stated he had contacted the Adult Parole and Probation Department making the promised recommendation, but they had elected to disregard his recommendation.

The parties then appeared before Judge Sorensen to hear the motion to set aside defendant's plea of guilty. Prosecutor Nemelka stated he did not make the recommendation to the sentencing judge, but he had talked with a Mr. Palmer of the Adult Parole and Probation Department. Mr. Nemelka further assured the court he was prepared to make the same recommendation before the court.

The court stated:

I don't have before me the probation report, but I am going on the assumption that the recommendation was presented by the probation department to Judge Harding.

Defense counsel responded he was denied a copy of the report; so he had no factual basis to know what was in the report.

The trial court denied the motion on the ground that he could not sit in review of the sentence of another district judge.

On appeal defendant cites *Santobello v. New York*,[1] wherein the court ruled that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. The court further admonished:

The staff lawyers in a prosecutor's office have the burden of "letting the left hand know what the right hand is doing" or has done. That the breach of agreement was inadvertent does not lessen its impact.

▆▆▆ The ruling of the trial court denying defendant's motion to set aside his plea after sentencing must be sustained. Such a motion is addressed to the sound discretion of the trial court, and there is no ground to indicate an abuse thereof.[2] However, defendant is entitled to a limited evidentiary hearing to determine the validity of the assumption of Judge Sorensen that the county attorney's recommendation for probation was included in the probation report presented to the sentencing judge. If it were not, defendant is entitled to have his sentence set aside and to be resentenced with the benefit of his bargain, viz., a personal recommendation to the court, for probation, by the prosecutor.

▆▆▆ Defendant's claim that he is entitled to withdraw his plea if the court did

1.  404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L. Ed.2d 427, 433 (1971).

2.  *State v. Plum*, 14 Utah 2d 124, 378 P.2d 671 (1963).

not follow the prosecutor's recommendation is without merit. In connection with this claim, defendant urges that his plea may not be deemed voluntary if the court did not follow the prosecutor's recommendation.

 The record clearly establishes defendant understood the court was not bound by any recommendation of the prosecutor.[3] Where a defendant is aware there is no guarantee the court will agree to follow the recommendation of the prosecutor, there is no reason to set aside a plea of guilty.[4] Furthermore, a mere subjective belief of a defendant as to potential sentence, or hope of leniency, unsupported by any promise from the prosecutor or indication by the court, is insufficient to invalidate a guilty plea as involuntary or unknowing.[5]

This cause is remanded to determine if the sentencing judge were informed of the prosecutor's recommendation. If it be established that such a recommendation were before the court, the prosecutor has fulfilled his promise, and the judgment is affirmed.

ELLETT and TUCKETT, JJ., concur.

HENROID, C. J., concurs in result.

CROCKETT, Justice (dissenting in part).

I see neither propriety nor any useful purpose in sending this case back for further proceedings. It is plainly evident that Judge Sorensen knew the background of this case and what the recommendation was. He stated that he was acting on the assumption that the recommendation had been presented to Judge Harding. It is both the prerogative and the duty of the district judge to impose what in his judgment is the proper sentence as provided by law. This prerogative should not and indeed cannot properly be eroded or destroyed by agreements between counsel, nor by recommendations of the probation and parole department.[1] Judge Sonersen imposed the sentence advisedly. His judgment should be indulged the presumption of correctness; and should not be disturbed except for clear and persuasive reasons as to its invalidity.[2] I see no such reason here. I would affirm the judgment.

---

3. *State v. Darling*, 109 Ariz. 148, 506 P.2d 1042 (1973).

4. *State v. Schlarp*, 25 Ariz.App. 85, 541 P.2d 411 (1975).

5. *Rouse v. State*, Nev., 541 P.2d 643 (1975).

1. *State v. Plum*, 14 Utah 2d 124, 378 P.2d 671.

2. See statement for this court by Worthen, D. J., in *State v. Burns*, 79 Utah 575, 11 P.2d 605; *Whetton v. Turner*, 28 Utah 2d 47, 497 P.2d 856.