696 P.2d 706

**The STATE of Arizona, Appellee,**

v.

**Paul ROSS, Jr., Appellant.**

**No. 2 CA–CR 3378.**

Court of Appeals of Arizona,
Division 2.

Sept. 26, 1984.

Rehearing Denied Nov. 14, 1984.

On Motion For Reconsideration
Nov. 15, 1984.

Review Denied Jan. 16, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Linda A. Akers, Asst. Attys. Gen., Phoenix, for appellee.

Gentry, Desens & Behrens by Tony K. Behrens, Bisbee, for appellant.

## OPINION

HOWARD, Judge.

Appellant was indicted by the Cochise County Grand Jury on two counts of criminal trespass, each class 6 felonies; two counts of burglary, second degree, each class 3 felonies; and one count of theft of property valued at more than $1,000, a class 3 felony. After initially pleading not guilty to these charges, appellant entered into a plea agreement and changed his plea to guilty of burglary, second degree, a class 3 felony and theft of property valued at more than $250 but less than $500, a class 5 felony. In return, the state agreed to dismiss the remaining charges and further agreed that sentencing was to be left to the discretion of the court without recommendations.

The court tentatively accepted the plea agreement and set the matter for a "victim impact" hearing to be followed by the presentation of any evidence to be offered in aggravation or mitigation. At the time of the "victim impact" hearing, held in a jury room one week before the aggravation and mitigation hearing, appellant objected to the nature of the hearing on the ground that the state had agreed not to make a recommendation regarding sentencing and that hearing from the victim is tantamount to the presentation of evidence by the state. Appellant also asked that the judge recuse himself on this basis for sentencing purposes. The trial court overruled appellant's objection, noting that it had the duty to determine the most appropriate sentence and it needed to hear from the victim if possible. The court then heard the testimony of the victim of the theft and burglary.

One week later, the court held an aggravation/mitigation hearing and heard appellant's testimony and that of Bisbee Police Department Detective Bennie Scott, which was offered in mitigation. At the time set for sentencing, the court accepted appellant's plea and adjudged him guilty of burglary, second degree, a class 3, nonrepetitive, nondangerous felony, and theft of property, valued at more than $250 but less than $500, a class 5, nonrepetitive, nondangerous felony.

The trial court found the existence of only two mitigating circumstances—appellant's age and history of social deprivation—which it deemed insufficient to support leniency in light of appellant's extensive prior criminal record, the betrayal of the victim's trust, the similarity between this offense and a prior offense for which appellant previously served time in prison and appellant's having been diagnosed as manipulative individual with an antisocial personality. The trial court therefore imposed an aggravated prison term of 10 years for the offense of burglary in the second degree, and 2.5 years for the offense of theft, to be served concurrently. This appeal followed.

■ Appellant's first contention on appeal is that the sentence imposed upon appellant is excessive as a clear abuse of discretion by the trial court. We do not agree. Our supreme court has consistently held that a sentence imposed within statutory limits will not be reduced unless there is a clear abuse of discretion. *State v. Ramos,* 133 Ariz. 4, 648 P.2d 119 (1982); *State v. Vasquez,* 130 Ariz. 103, 634 P.2d 391 (1981); *State v. La Mountain,* 125 Ariz. 547, 611 P.2d 551 (1980); *State v. Gray,* 122 Ariz. 445, 595 P.2d 990 (1979); *State v. Herro,* 120 Ariz. 604, 587 P.2d 1181 (1978). An abuse of discretion in sentencing is characterized by capriciousness or arbitrariness or by a failure to conduct an adequate investigation into the facts necessary for an intelligent exercise of the court's sentencing power. *State v. Gannon,* 130 Ariz. 592, 638 P.2d 206 (1982); *State v. Ethington,* 121 Ariz. 572, 592 P.2d 768 (1979); *State v. Douglas,* 87 Ariz. 182, 349 P.2d 622, cert. den., 363 U.S. 815, 80 S.Ct. 1255, 4 L.Ed.2d 1157 (1960). Our review of the record fails to disclose the imposition of an excessive sentence or any behavior of the trial court amounting to an abuse of discretion.

Appellant further contends that (1) the "victim impact" hearing was held by the trial court without legal authority to the prejudice of appellant; (2) the trial court assumed an adversarial role at the "victim impact" hearing, acting in the role of prosecutor in an arbitrary and capricious manner, and (3) the actions of the trial court at the "victim impact" hearing constituted arbitrary and capricious actions when considered as a whole.

A.R.S. § 13–702(F) provides:

"F. The victim of any felony or the immediate family of the victim if the victim has died as a result of the conduct of the defendant may appear personally or by counsel at any aggravation or mitigation proceeding to present evidence and express opinions concerning the crime, the defendant or the need for restitution. The court in imposing sentence shall consider the evidence and opinions presented by the victim or the victim's immediate family at any aggravation or mitigation proceeding or in the presentence report."

The court is thus statutorily authorized to solicit and obtain the victim's opinion regarding the crime.

■ Appellant objected to the nature of the hearing on the ground that the state agreed not to make a recommendation regarding sentencing and that hearing from the victim is tantamount to the presentation of evidence by the state. We do not agree. The trial court has a duty to fully acquaint itself with the character and propensities of the defendant and the facts and circumstances of the crime. *State v. Miller,* 120 Ariz. 224, 585 P.2d 244 (1978). In so doing, the sentencing judge can exercise wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punish-

ment to be imposed within the limits fixed by law. *State v. Schlarp*, 25 Ariz.App. 85, 541 P.2d 411 (1975). Appellant also contends there is no authority for having a "victim impact" hearing separate and apart from the aggravation/mitigation hearing. We agree. The statute specifically states how and when the victim's testimony is to be considered. However, we fail to see here how appellant was in any way prejudiced by this procedure inasmuch as the victim urged the court to treat appellant leniently and recommended probation. We trust the trial court will henceforth follow the statute.

■ The record simply does not support appellant's contention that the trial court left its role as an impartial jurist and took on an adversary function by bringing out aggravating factors. Appellant was informed by the trial court as to the purpose of the "victim impact" hearing and the type of information that was to be elicited. None of the questions posed by the trial judge was framed so as to bring out solely aggravating factors, and the total impact of the victim's testimony was mitigating.

■ Appellant's contention that the trial court's actions at the "victim impact" hearing, taken as a whole, were arbitrary and capricious is totally devoid of merit. If there is no error in any action taken individually, there can be no error in any action when considered collectively. *State v. Johnson*, 122 Ariz. 260, 594 P.2d 514 (1979).

■ Appellant further claims that the state violated the terms of the plea agreement by cross-examining appellant at the aggravation/mitigation hearing. Assuming arguendo that the state technically violated the spirit of the agreement by cross-examining appellant, the error was harmless beyond a reasonable doubt since all of the information elicited on cross-examination was either previously brought out on direct examination or contained in the presentence report.

■ Appellant claims that the trial court violated his First Amendment rights to freedom of speech and expression by improperly considering his complaints of jail conditions while incarcerated. He contends that he was subjected to disciplinary action as a result of a series of communications he sent to the trial judge. Specifically, the trial judge noted at the sentencing hearing, prior to pronouncing sentence, that he was considering communications received from appellant regarding his status in the Cochise County Jail. The trial judge noted:

"I have also looked over the series of communications that I have received from you while you have been an inmate in the County Jail. I have received three letters from you dated August 29th, August 31st and November 7th. In each of which you have shown that your conduct up in the jail is far from what it ought to be. [sic] You complain about your attorneys. You complain about the treatment in the jail. You complain about any number of things that, at least as the matters in this file reflect, have no basis in fact.

I was at a loss to decide what to do with you, Mr. Ross, until I just sat down and tried to be objective and add up the pluses and minuses and the minuses so far outweigh the pluses, that I have no choice but to impose the aggravated prison sentence in this case, Mr. Ross."

Our courts have consistently held that a sentencing judge can exercise wide discretion in the sources and types of evidence used to assist him in determining the extent of punishment to be imposed within the limits fixed by law and the court may, before imposing sentence, consider both the nature and circumstances of the crime charged and also the character, past conduct and general background of the defendant so that the punishment may be set in accordance with the defendant's general character and the nature of the crime committed. *State v. Gray*, 122 Ariz. 445, 595 P.2d 990 (1979); *State v. Miller*, supra; *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978); *State v. Myers*, 117 Ariz. 79, 570 P.2d 1252, cert. den., 435 U.S. 928, 98 S.Ct. 1498, 55 L.Ed.2d 524 (1977); *State v.*

158

*Smith,* 107 Ariz. 218, 484 P.2d 1049 (1971); *State v. Schlarp,* supra; *State v. Burton,* 16 Ariz.App. 61, 490 P.2d 1189 (1971). Likewise, a judge may draw upon his knowledge of the defendant and his activities. *Serapo v. United States,* 595 F.2d 3 (9th Cir.1979). It was appellant who initiated these communications with the trial judge. He cannot now complain that he was unaware of them and their potential influence on his sentencing. Furthermore, the record discloses that the court did not base appellant's sentence solely upon these communications. The court noted numerous aggravating circumstances.

 Appellant's final contention is that the trial court improperly considered his religious beliefs in sentencing when it re-, marked about a letter which appellant had recently sent the victim signed "Love Paul Ross, your brother in Christ." The judge opined that appellant did not sincerely have any more interest in Christ than the "Man in the Moon" and signed the letter in that manner to influence the victim, whom he knew to be deeply religious, to testify in his behalf. Citing *In Re Marriage of Gove,* 117 Ariz. 324, 572 P.2d 458 (App.1977) for the principle that First Amendment protection extends not only to organized religions but also to individually held religious convictions, appellant argues that the trial court's consideration of his religious beliefs at sentencing indicates personal bias and prejudice against him and arbitrary and capricious action by the trial court. However, the court in *Gove,* in determining whether an individual's failure to comply with a court order to submit to a mental examination was based upon her own individual personal beliefs or upon any constitutionally protected freedom of religion, stated:

> "[O]ur inquiry must initially be directed to whether appellant's convictions were sincere and rooted in *religious* rather than *personal or secular* considerations; otherwise, the interests protected by the Free Exercise Clause of the First Amendment are not jeopardized." (Emphasis in original) 117 Ariz. at 327, 572 P.2d 458.

In the instant case, the judge admonished appellant from the bench concerning his past record for manipulative behavior. The judge's comment in reference to appellant's espoused religious beliefs was not a comment upon appellant's religion, but upon appellant's attempt .to contact the victim prior to the "victim impact" hearing. Appellant was well aware of the victim's religious orientation and appellant's letter to the victim appears to play upon the victim's religious beliefs to gain sympathy. The judge's comment was not addressed to the validity of these religious beliefs but to appellant's sincerity in connection with his manipulative behavior. The record fails to disclose any improper personal bias against appellant and there is no indication that appellant's First Amendment rights were in any way compromised at the sentencing.

Affirmed.

BIRDSALL, C.J., and HATHAWAY, J., concur.

## ON MOTION FOR RECONSIDERATION

### HOWARD, Judge.

Appellant, in his motion for reconsideration, contends we omitted to discuss his argument that his cross-examination of the victim at the victim impact hearing was wrongfully restricted by the trial court. In *State v. Asbury,* (2 CA–CR 3393 and 2 CA–CR 3394–2, filed November 13, 1984) we held that a defendant has a right to cross-examine victims who testify at an aggravation-mitigation hearing pursuant to A.R.S. § 13–702(F). The trial court here told counsel prior to the hearing that they could question any of the witnesses, but not cross-examine them. He told counsel that the questioning process was for clarification of the victim's feelings and of the information presented to the court, and that the victim was present for his own benefit and "... not for anybody to tear him apart on cross examination." Appellant's counsel did ask questions but not many because the victim testified at the hearing in appellant's favor, asking the

court for leniency and to give appellant probation. Appellant has not suggested in his brief any other questions he would have asked but was constrained to omit due to the trial court's instructions.

Finding that there was a functional equivalent to cross-examination in this case, the motion for reconsideration is denied.

BIRDSALL, C.J., and HATHAWAY, J., concur.