**STATE of Utah, Plaintiff and Appellee,**

v.

**Jerry Paul GLADNEY, Defendant and Appellant.**

No. 960701–CA.

Court of Appeals of Utah.

Jan. 2, 1998.

Rebecca C. Hyde and Deborah Kreeck Mendez, Salt Lake City, for Defendant and Appellant.

Jan Graham and Brent A. Burnett, Salt Lake City, for Plaintiff and Appellee.

Before BENCH, GREENWOOD and ORME, JJ.

## OPINION

BENCH, Judge:

Defendant entered a plea of guilty for aggravated assault, a third degree felony, in violation of Utah Code Ann. § 76–5–103(1)(b) (Supp.1996). Defendant appeals from the sentence, arguing his plea rested on an understanding that the trial court would not impose a firearms enhancement. As a result, defendant argues that his right to due process prevented the court from imposing the enhancement penalty. We affirm.

## BACKGROUND

 Defendant was arrested for two counts of "attempted criminal homicide, murder," and "tampering with a witness." In the information, the State alleged that defendant fired a shotgun at two people while trying to recover a friend's stolen vehicle. Defendant entered into plea negotiations and pleaded guilty to aggravated assault. In accepting the plea, the trial court conducted a plea colloquy. *See* Utah R.Crim. P. 11(e) (1997). The court asked what agreement the parties had reached regarding firearms enhancement. *See* Utah Code Ann. § 76–3–203 (Supp.1997). Defendant's counsel responded that they had not entered a firearms enhancement agreement. The court then asked whether the State had alleged a firearms enhancement. Defendant's counsel responded, "It wasn't in the information."[1] The court then stated, "There's nothing I can do about it if the State didn't charge it."

At the sentencing hearing, after reviewing the information and the presentence report, the court noted that the defendant shot his victims in the back as they tried to flee. The court sentenced defendant to zero to five years for aggravated assault and zero to five years for firearms enhancement, the sentences to run consecutively. Defendant ob-

---

1. Defendant's response was apparently based on the mistaken belief that a firearms enhancement must be separately alleged in the information. However, "the information is sufficient if it alleges either: (1) that the defendant is being charged under the enhancement statute, or (2) that a firearm was used in the commission of the offense charged in the information." *State v. Angus*, 581 P.2d 992, 995 (Utah 1978).

jected to the court's decision to impose a firearms enhancement and this appeal followed. Defendant contends the trial court agreed at the plea colloquy not to impose a firearms enhancement, and thus seeks to enforce the benefit of his bargain.

## ANALYSIS

Contract analysis has some application to plea agreements. *See State v. Patience*, 944 P.2d 381, 387 (Utah Ct.App.1997) (noting "contract principles 'cannot be blindly incorporated into the criminal law in the area of plea bargaining.'" (quoting *United States v. Ocanas*, 628 F.2d 353, 358 (5th Cir.1980))). In *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the prosecutor agreed to make no recommendations to the trial court regarding sentencing. *See id.* at 258, 92 S.Ct. at 497. Before sentencing, the State appointed a new prosecutor to the case. *See id.* at 259, 92 S.Ct. at 497. At sentencing, the new prosecutor, unaware of the agreement, argued for the maximum sentence, and the trial court imposed the maximum sentence. *See id.* In reviewing the case, the United States Supreme Court determined that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S.Ct. at 499. Because the prosecutor failed to make the bargained-for recommendation, the Supreme Court vacated the judgment and remanded the case for further consideration. *See id.* at 263, 92 S.Ct. at 499.

The Utah Supreme Court has similarly recognized that contract principles may apply to plea agreements. In *State v. Garfield*, 552 P.2d 129 (Utah 1976), after being sentenced to prison, the defendant moved to withdraw his plea because of the prosecution's alleged failure to recommend probation as promised. *See id.* at 130. At a hearing on the motion to withdraw, the prosecutor asserted that he made the recommendation to the Adult Parole and Probation Department, the preparer of the presentence report. *See id.* The trial court did not have the presentence report before it at the hearing on defendant's motion and simply assumed that the prosecutor made the recommendation as he asserted. *See id.* On appeal, the Utah Supreme Court

determined that the defendant was entitled to an evidentiary hearing to ascertain whether the prosecutor actually made the recommendation to the probation department. *See id.* The supreme court ruled that if the prosecutor did not actually make the recommendation, the "defendant is entitled to have his sentence set aside and to be resentenced with the benefit of the bargain, viz., a personal recommendation to the court, for probation, by the prosecutor." *Id.*

■ In this case, defendant has not alleged that the prosecution reneged on its bargain. Instead, defendant argues that the court reneged when it imposed enhancement at sentencing after stating at the plea colloquy that it could not impose the enhancement penalty. The trial transcript, however, reflects no bargained-for agreement between the court and defendant. Based on a mistaken belief that the information did not allege the use of a firearm, the trial court believed it could not impose the firearms enhancement. Even if the State had made a recommendation regarding enhancement, the court would not have been bound by that recommendation. The plea agreement specifically stated that the judge was not bound by any sentencing recommendations. *See State v. Angus*, 581 P.2d 992, 995 (Utah 1978) ("After conviction, the penalty to be imposed is an entirely separate proposition to be determined by the court as a matter of law."). Defendant is therefore not entitled to have the enhancement penalty stricken under a benefit of the bargain analysis.

Defendant's challenge goes to the voluntariness of his plea. In accepting defendant's plea, the trial court failed to inform defendant of "the minimum and maximum sentence, and if applicable, the minimum mandatory nature of the minimum sentence, that may be imposed for each offense to which a plea is entered, including the possibility of the imposition of consecutive sentences." Utah R.Crim. P. 11(e)(5) (1997); *accord State v. Gibbons*, 740 P.2d 1309, 1313–14 (Utah 1987). Defendant, however, ex-

pressly states that he is not requesting an opportunity to withdraw his plea.[2]

The sentence imposed by the trial court is therefore affirmed.

GREENWOOD and ORME, JJ., concur.

---

2. We presume that defendant would prefer to keep his plea bargain, even with the enhancement, rather than face the charges of attempted murder and witness tampering.