2002 UT App 166

**STATE of Utah, Plaintiff and Appellee,**

**v.**

**Elvira D. QUINTANA, Defendant and Appellant.**

**No. 20000898–CA.**

Court of Appeals of Utah.

May 16, 2002.

Dale M. Dorius and Justin C. Bond, Brigham City, for Appellant.

Mark L. Shurtleff, Attorney General, Kris C. Leonard, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BILLINGS, BENCH, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Elvira Quintana (Quintana) appeals from an order denying her motion to compel the State to honor the terms of a plea agreement. We reverse.

## BACKGROUND

¶ 2 Quintana was charged with Theft, a third degree felony, in violation of Utah Code Ann. § 76–6–404 (1999). Prior to her preliminary hearing, Quintana's counsel entered into a plea agreement with the prosecutor. The essence of the agreement was that Quintana would plead guilty to one count of theft if the prosecutor agreed to support Quintana's double 402 motion.[1] The parties did not reduce the specific terms of the agreement to writing.

¶ 3 At Quintana's pretrial conference, the prosecutor notified the trial court that the parties had reached a plea agreement. The prosecutor informed the court:

> Prosecutor: We have it resolved. I believe [defense] counsel has the notes, though, of the resolution. Perhaps he can recite that.

> Defense Counsel: [Quintana] [wi]ll plead to one count of theft, a third degree felony. If she pays her restitution within six months *the State would give her a double 402 motion.*

(Emphasis added.)

¶ 4 Following this exchange, the trial court questioned Quintana about the willingness of her plea.

> The Trial Court: Have there been any promises made to you in exchange for your guilty plea other than those things I've been told?

> Quintana: No.

> The Trial Court: Do you understand that I haven't made any agreement as to what your sentence will be, is that clear?

> Quintana: Uh-huh.

Following additional questioning by the trial court, Quintana pleaded guilty to one count of theft.

¶ 5 Quintana paid the restitution ordered by the trial court within six months, and then filed a double 402 motion seeking a double reduction in the degree of the theft charge to which she had pleaded guilty. In that motion, Quintana argued that she had completed the terms of the plea agreement. The State opposed the motion, arguing that Quintana had not completed the terms of the plea agreement because she had yet to successfully complete her probation.

¶ 6 The trial court denied the motion, concluding that Quintana "must successfully *complete* probation prior to the Court grant-

---

1. *See* Utah Code Ann. § 76–3–402 (1999) (allowing the trial court to either "enter a judgment of conviction for the next lower degree of offense and impose sentence accordingly," or a two degree reduction if the prosecutor "specifically agrees in writing or on the court record").

ing such a Motion." Quintana subsequently filed a motion to compel, arguing that she had completed the terms of the plea agreement and that "the State ... ha[d] clearly not performed under the terms of the plea agreement" by opposing the double 402 motion. The State also opposed the motion to compel. The trial court denied the motion explaining:

The Court is of the opinion that its previous Decision, dated September 21st, is not ambiguous. Even if the defendant's contention that the State agreed to recommend a double 402 motion within six months, were found to be true, the Court is not bound by such a recommendation.

Quintana appeals.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 7 Quintana argues the trial court erred by denying her Motion to Compel Settlement Agreement. "We review the trial court's denial of the motion to compel under an abuse of discretion standard." *Pack v. Case*, 2001 UT App 232, ¶ 16, 30 P.3d 436.

## ANALYSIS

¶ 8 Quintana argues that she fulfilled the terms of the plea agreement by paying the court-ordered restitution within six months, and therefore, the trial court erred by not compelling the State to fulfill its promise to recommend that the trial court grant her double 402 motion. The State, however, argues that the terms of the plea agreement also required her to complete probation before the State would support her motion.[2]

■ ¶ 9 The terms of the plea agreement were not reduced to writing by the parties. Indeed, the record reveals that the only memorialization of the plea agreement occurred during the plea when Quintana and the prosecutor agreed that "if she pays her restitution within six months the [S]tate would give her a double 402 motion." Accordingly, we

conclude that the State's promise was contingent only upon Quintana paying the restitution within six months. Quintana upheld her end of the bargain.

¶ 10 In *State v. Garfield*, 552 P.2d 129 (Utah 1976), the Utah Supreme Court discussed the remedy afforded a defendant who was denied "the benefit of his bargain, viz., a personal recommendation [from the State] to the court, for probation." *Id.* at 130. In *Garfield*, the State "unequivocally" promised "to recommend probation for the defendant" in exchange for his guilty plea. *Id.* Neither the judge who received the defendant's guilty plea nor the prosecutor who entered into the agreement with the defendant were present at sentencing. *See id.* The prosecutor present at sentencing made no recommendation to the trial court regarding probation, and the trial court sentenced the defendant to prison. *See id.*

¶ 11 In response, the defendant moved to set aside his guilty plea. *See id.* The trial court denied the defendant's motion. *See id.* On appeal, the supreme court affirmed the trial court's decision denying the defendant's motion to set aside his plea; however, that did not end the court's analysis. *See id.* The court remanded the case for a "limited evidentiary hearing" to determine if the "sentencing judge w[as] informed of the prosecutor's recommendation." *Id.* at 131. If not, the court explained that "[the] defendant is entitled to have his sentence set aside and to be resentenced with the benefit of his bargain, viz., a personal recommendation to the court, for probation, by the prosecutor." *Id.* at 130.

■ ¶ 12 In the present matter, the record establishes that Quintana and the State agreed that if Quintana paid the restitution within six months, the State would support her double 402 motion. Quintana upheld her part of the bargain and therefore is entitled to the "benefit of h[er] bargain, viz., [the

---

2. The State argues that "[t]his position is supported by the presentence/probation referral form completed by the clerk following the change of plea hearing ..., the trial court's ruling on the motion for double 402 reduction ..., and documentation [an unsigned handwritten note] supporting the State's objection to defen-

dant's motion to compel performance of the agreement." However, these documents do not evidence that Quintana expressly and unequivocally agreed to that term, and therefore, offer no assistance to this court in attempting to decipher the terms of the plea agreement.

State's] recommendation to the court," supporting her double 402 motion. *Id.*

## CONCLUSION

¶ 13 We reverse the trial court's order denying Quintana's Motion to Compel Settlement Agreement. We remand to the trial court with instructions to compel the State to honor the terms of its agreement with Quintana. Following the State's recommendation supporting Quintana's double 402 motion, the trial court is within its sound discretion to either grant or deny Quintana's double 402 motion.

¶ 14 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge and RUSSELL W. BENCH, Judge.