[Crim. No. 449. Fourth Appellate District.—January 31, 1940.]

THE PEOPLE, Appellant, v. HENRY SAVIN, Respondent.

Earl Warren, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Appellant.

Hervey & Holt for Respondent.

MARKS, J.—This is an appeal by the People from an order of the trial court granting a writ of error *coram nobis,* vacating the judgment pronounced on defendant and permitting him to withdraw his plea of guilty to the charge of burglary.

The evidence submitted on the hearing of the petition consisted of three affidavits and two letters. No evidence was offered by the People and the affidavits stand uncontradicted. A portion of this evidence related to the mental incompetency of defendant with which we need not concern ourselves here other than to remark that it would tend to support a plea of not guilty by reason of insanity.

One affidavit was by the father of defendant. He was present at the preliminary examination and at a conversation immediately following it between the then counsel for defendant and the deputy district attorney who conducted the examination. During this conversation the deputy district attorney stated that, on the evidence, should defendant enter a plea of guilty, the maximum sentence to be imposed would not exceed nine months' confinement in the county road camp. Subsequently affiant talked to the assistant district attorney of San Diego County and was advised by him "that should the defendant Henry Savin plead guilty to said charge that the punishment would be confinement in the county road camp of San Diego county. . . . " Affiant also talked to the district attorney of San Diego County and was informed by him "that, in his opinion, the punishment which would be imposed in the event a plea of guilty was entered would be confinement in the County Road Camp. . . . " Affiant and the then counsel for defendant communicated the substance of these conversations to defendant prior to the time of the entry of the

plea of guilty. None of these statements were controverted except the one which we will next mention.

Defendant presented the affidavit of the deputy district attorney who conducted the preliminary examination, in which the conversation at the close of the preliminary examination was summarized. The only conflict in this affidavit with the affidavit of the father of defendant was that he stated that it was his opinion that a sentence to the county road camp would follow a plea of guilty. This is the only conflict in the evidence disclosed in the record.

The verified petition of defendant alleged that the statements contained in the affidavit of his father concerning the sentence were communicated to him by his father and his then attorney; that he believed those representations and relied upon them when he entered his plea of guilty; that he would not have entered such a plea had he not believed and relied upon those representations and had he not been advised by his father and his attorney to do so, they believing and relying upon them. There was no denial of these allegations except in the particular contained in the affidavit of the deputy district attorney already mentioned.

The rule governing the issuance of the extraordinary writ *coram nobis* is thus stated in *People* v. *Campos,* 3 Cal. (2d) 15 [43 Pac. (2d) 274]:

"It is settled in this state that where on account of duress, fraud or other fact overreaching the free will and judgment of a defendant he is deprived of the right of a trial on the merits, the court in which he was sentenced may after judgment and after the time for appeal has passed, if a properly supported motion is seasonably made, grant him the privilege of withdrawing his plea of guilty and of reassuming the situation occupied by him before plea of any kind was entered. (*People* v. *Schwarz,* 201 Cal. 309, 314 [257 Pac. 71].) In other words, as stated in *People* v. *Miller,* 114 Cal. 10, 16 [45 Pac. 986], 'the law seeks no unfair advantage over a defendant, but is watchful to see that the proceedings under which his life or liberty is at stake shall be fairly and impartially conducted. It holds in contemplation his natural distress, and is considerate in viewing the motives which may influence him to take one or another course. Therefore it will permit a plea of guilty to be

withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act, or was unduly and improperly influenced either by hope or fear in the making of it.' ''

All questions of the weight and sufficiency of the evidence are addressed, in the first instance, to the trier of fact, in this case, the trial judge. We cannot reverse his order if there is substantial evidence or a reasonable inference to be drawn from it which supports the order. Where two conflicting inferences may be drawn from the evidence it is our duty to adopt the one supporting the challenged order. While the case is a close one, we cannot say as a matter of law that the conclusion drawn from the evidence by the trial judge that the representations of the prosecuting officers did overreach the free will and judgment of the defendant is an unreasonable inference to be drawn from the evidence. Under such circumstances we cannot disturb the order here. In a case of this kind the trial judge should be given the opportunity to exercise a sound discretion so that justice may be done.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.