[Crim. No. 643.   Fourth Dist.   July 23, 1946.]

THE PEOPLE, Respondent, v. P. R. TIDWELL, Appellant.

Samuel Hurwitz for Appellant.

Robert W. Kenny, Attorney General, and L. G. Campbell, Deputy Attorney General, for Respondent.

MARKS, J.—This is an appeal from an order denying a petition for writ of error *coram nobis.*

Petitioner was arrested for drawing and passing an insufficient fund check with intent to defraud.   An information was filed against him.   He appeared without counsel for arraignment on February 1, 1946.   The matter was continued to February 15, 1946, to permit him to employ counsel.   On that date he again appeared without counsel and the public defender was appointed to represent him.   A plea of guilty was entered and defendant asked to be placed on probation.   On March 1, 1946, probation was denied and he was sentenced to confinement in the penitentiary for the term prescribed by

law, "Sentence to run Concurrently with Case #C-5563."
While there is no direct evidence on the subject, the record
justifies the inference that defendant was on probation at the
time the check in question here was passed.

The petition for a writ of error *coram nobis* was filed
on March 11, 1946. It was alleged that defendant "plead
guilty because of fraud, duress or mistake and would not have
so plead but for such fraud, duress and mistake."

Defendant was arrested by a deputy sheriff of Orange
County accompanied by a police officer from Bell. He testi-
fied that he told the payee of the check that he was not sure
that he had funds to cover it but that he expected to make ad-
ditional deposits; that if the check was returned by the bank
unpaid he would take it up with cash if the payee would notify
him; that he communicated these facts to the arresting offi-
cers; that they told him that unless he "would cooperate with
the Orange County authorities in connection with the above
numbered case and plead guilty that they would make it as
'rough' upon the defendant as they could and file additional
charges against affiant in Los Angeles County, but that if he
would plead guilty to said charge that they would not prose-
cute him upon such additional checks"; that the deputy sheriff
made other threats against him.

The deputy sheriff was called as a witness and flatly contra-
dicted this evidence. Thus, we have the familiar circumstance
of the trial judge believing the testimony of one witness and
rejecting the evidence of another. Conflicts in the evidence
are settled in the trial court. Further, it rather clearly ap-
pears that these alleged threats did not induce the plea of
guilty, but that the plea was induced by the hope that defen-
dant would be granted probation and not sentenced to the
penitentiary.

Defendant's mother was active in his behalf. She inter-
viewed the probation officer, a deputy district attorney, and
the public defender or his deputy. She testified that the pro-
bation officer told her that he would recommend probation
and that he did not believe the trial judge would send defen-
dant to the penitentiary; that the deputy district attorney told
her he would join in the recommendation for probation with
strict supervision; that both attorneys told her that with these
recommendations they believed probation would be granted,
though one of them told her they were not binding on the
trial judge and no one knew what his final decision would be;

that she communicated the substance of these conversations to defendant and thought it best for him to plead guilty.

Probation for defendant was recommended but was denied. The probation officer, the attorneys, defendant's mother and defendant all guessed wrong, but no fraud, duress or misrepresentation was practiced on defendant to induce his plea. What was said in *In re Hough*, 24 Cal.2d 522 [150 P.2d 448], in quoting from *People* v. *Schwarz*, 201 Cal. 309 [257 P. 71], should be controlling here:

" 'There the defendant was led by the advice of his counsel to believe that he would get less punishment if he changed his plea to guilty than he would receive if he stood trial and was convicted. In this hope, however, he was disappointed. The court rightly held that with full knowledge of the consequences which might follow he should not be permitted to speculate upon the action of the court.' "

Defendant relies strongly on the case of *People* v. *Savin*, 37 Cal.App.2d 105 [98 P.2d 773], in which this court affirmed an order of the trial court granting the writ of error *coram nobis*. That order was affirmed because the case was a close one and we could not hold as a matter of law that there was a breach of judicial discretion on the part of the trial judge in granting the writ. In accordance with that ruling we hold in the instant case that there was no breach of discretion on the part of the trial judge in denying the writ.

The order is affirmed.

Barnard, P. J., concurred.