378 P.2d 671

STATE of Utah, Plaintiff and Respondent,

v.

Wallace PLUM, Defendant and Appellant.

No. 9731.

Supreme Court of Utah.

Feb. 15, 1963.

Norman Wade, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

JONES, District Judge.

Did the lower court err by refusing to permit the defendant to change his plea after sentence had been pronounced? This is the sole question presented by this appeal.

■ This court, in State v. Lee Lim (79 Utah 68, 7 P.2d 825), adopted the rule that it is within the sound discretion of the trial court to allow, or to refuse to allow, the plea to be withdrawn. (See 22 C.J.S. Criminal Law § 421(4).) The writer sees no

reason to review again the authorities on this subject except to remark that the sentence in a criminal case is a final judgment, and one who would set aside such a final order must proceed as the attacker and has the burden of producing convincing proof of a fact which constitutes a legal ground for setting aside such sentence. The presumption of validity is strong. (People v. Ayala, 193 Cal.App.2d 243, 291 P.2d 517.)

Keeping in mind our sound discretion rule, we now proceed to examine the cases relied on by appellant to effectuate a reversal of the trial court's order. People v. Savin, 37 Cal.App.2d 105, 98 P.2d 773, appears to be his leading case. There, the accused's father made an affidavit in support of his son's motion to change the plea wherein it was alleged that affiant had talked with the deputy district attorney, who told affiant that the defendant would only be required to serve a term in the county road camp should he plead guilty; the assistant district attorney, who furnished the same information; and the district attorney, who stated that, in his opinion, the court would be satisfied with a term in the county road camp. These averments were not controverted in any material respects by the people. On this showing, inter alia, the trial court granted a motion for error coram nobis and the people appealed. Were it not for the holding in State v. Lee Lim, supra, it would be the writer's personal opinion that coram nobis should be the correct rem-

edy in Utah. (See State v. Telavera, 76 Ariz. 183, 261 P.2d 997 and People v. Wade, 53 Cal.2d 322, 1 Cal.Rptr. 683, 348 P.2d 116.) In affirming the trial court's action (and consistent with the sound discretion doctrine), the following language was used by the appellate tribunal: "While this case is a close one we cannot say, as a matter of law, that the conclusions made by the trial judge are not within his discretion."

The same conclusions were reached in two other cases relied on by appellant (State v. Nance, 120 Mont. 152, 184 P.2d 554; Hubbel v. State, 41 Wyo. 275, 285 P. 153. In the remaining cases called to our attention the appellate courts either reversed or modified the actions of the trial courts upon a determination, under the facts presented, that the judge had abused his discretion, as a matter of law: There was the case where the judge told the defendant to go ahead and make a "deal" with the prosecutor and then declined to go along with the arrangements made (Morgan v. State, 33 Okl.Cr. 277, 243 P. 993); the case of the 19-year-old illiterate boy who appeared without counsel and pled guilty (State v. Hovis, 353 Mo. 602, 183 S.W.2d 147); the Creek Indian case where it was made to appear that the defendant had appeared for sentence without the benefit of counsel or an interpreter (Harjo v. State, 70 Okl.Cr. 369, 106 P.2d 527); and the case of the alleged child deserter who appeared without counsel and, due to a misunderstanding, entered a plea of guilty (State v. McBanc, 128 Mont. 369, 275 P.2d 218). We have no quarrel with these decisions, as they do nothing more than to illustrate when, under given factual situations, the appellate courts have, or have not, seen fit to overrule the actions of trial courts in the exercise of the sound discretion which the law vests in such tribunals.

We turn now to the facts in the case before us. Appellant was 23 years of age at the time of his alleged participation in the felony he was charged with. He had been in trouble with the law on previous occasions. He was represented by counsel during all stages of the proceedings. He had interposed a plea of not guilty on arraignment. Pending trial, a discussion was had between the assistant district attorney and defense counsel as the result of which an agreement was made that defendant would change his plea and the district attorney's office would recommend probation. This "deal" was duly presented to the appellant by his counsel together with the additional information (appellant asserts) that should the prosecutor make such a recommendation "there was a very good chance that Mr. Plum (defendant) would be placed on probation—that the chance was very good for probation." Appellant approved of this arrangement and, when brought into court for trial, changed his plea, whereupon the court deferred pro-

nouncement of sentence until such time as a presentence report might be submitted by the adult probation department. At a subsequent hearing, the adult probation authority rendered its report, defense counsel made a statement in behalf of his client, and the prosecutor lived up to the bargain by recommending probation. The court, however, exercising the sound discretion vested in it by law, determined that the facts presented were not sufficient to justify probation, declined to go along with the recommendations and proceeded to sentence appellant to serve an indeterminate term in the state prison. Commitment then issued and appellant was transferred to the state prison. A formal motion to change the plea and vacate the sentence followed, and when this was denied this appeal was taken.

Under the facts presented, we do not feel that the trial court abused its discretion by declining to go along with the recommendation made by the district attorney's office. Nowhere does it appear that the prosecutor undertook to insure or guarantee that the judge would go along with the arrangement or that appellant was given to understand that the judge was the mere tool or mouthpiece of the district attorney required to submit to any "deal" that the prosecutor might make. True it is that the appellant was disappointed over the punishment imposed, nor can there be any dispute but what the doing of time in the state penitentiary is more

severe than being at large and reporting once a month to a probation officer. It is no doubt also true that had the appellant realized that the judge was going to send him to the penitentiary he would not have changed his plea. But such considerations do not constitute legal grounds or give a defendant the right, as a matter of law, to withdraw his plea after sentence has been pronounced. (See 22 C.J.S. Criminal Law § 421(4).)

It has not been made to appear that the accused entered his plea of guilty in ignorance of his rights, or that he was immature or illiterate, or that he was influenced unduly or improperly either by hope or fear, or that his plea was entered by reason of mistake, misapprehension or undue influence. And, it appearing that the motion was not supported by any allegations of fact the effect of which dictated that the trial court was required, as a matter of law, to grant the motion, we are led to the inexorable conclusion that no abuse of discretion has been shown. Affirmed.

HENRIOD, C. J., and CROCKETT and CALLISTER, JJ., concur.

McDONOUGH, J. concurs in the result.

WADE, J., having disqualified himself did not participate herein.