499 P.2d 286

Michael Ray EGAN, Plaintiff and Appellant,

v.

John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.

No. 12707.

Supreme Court of Utah.

July 13, 1972.

David L. Gillette, of VanCott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for defendant-respondent.

TUCKETT, Justice:

The plaintiff, Michael Ray Egan, appeals from a decision of the District Court denying his petition for a writ of habeas corpus. As a basis for the plaintiff's petition, he claims that at the time sentence was pronounced he was denied effective assistance of competent counsel.

On January 14, 1971, the plaintiff appeared in the District Court with assigned counsel for the purpose of withdrawing a former plea of not guilty and to enter a plea of guilty to the charge that he had made an unlawful sale of a stimulant drug. Prior to entering a plea of guilty, the court thoroughly and meticulously explained to the plaintiff his constitutional rights, and the plaintiff was also advised as to the consequences of entering a plea of guilty. At that time the court referred the case to the Department of Adult Probation and Parole for a presentence report. On February 16, 1971, the plaintiff was sentenced to serve a term in the Utah State Prison.

It is the plaintiff's contention that he had expected to be placed on probation by the court rather than being sentenced to prison. In these proceedings the plaintiff testified that he had requested his counsel to request the court to permit him to change his plea of guilty to one of not guilty. The record is not entirely clear whether the request

was made before or after the pronouncement of sentence.

After a trial was had, the court made findings that the plaintiff was represented by competent counsel at all stages of the criminal proceedings and that the plaintiff was completely and fully advised of his constitutional rights and the implications of his entering a plea of guilty. The court also found that the plaintiff was fully aware that at the time he changed his plea from not guilty to guilty the prosecution had agreed to dismiss and to dispose of other charges against him. Based upon these facts the court concluded that the plaintiff's rights had not been violated by the plea bargaining agreement.

The plaintiff's contention before this court is that the court below erred by refusing to permit him to change his plea after sentence had been pronounced. The record does not reveal that the plaintiff applied to the court for permission to withdraw his plea of guilty either before or after sentence was pronounced.[1] The contention of the plaintiff is without merit. We have carefully reviewed the record before us and find no error which would justify a reversal. The judgment of the court below is affirmed.

CALLISTER, C. J., and ELLETT, HENRIOD and CROCKETT, JJ., concur.

1. State v. Plum, 14 Utah 2d 124, 378 P.2d 671.