501 P.2d 105

**Stanley Eugene TAVENNER, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 12660.**

Supreme Court of Utah.

Sept. 22, 1972.

Crockett, J., did not participate.

Stanley Eugene Tavenner, pro se.

Vernon B. Romney, Atty. Gen., David S. Young, David R. Irvine, Asst. Attys. Gen., Salt Lake City, for defendant and respondent.

HENRIOD, Justice:

Appeal from the denial of a petition for writ of habeas corpus. Affirmed.

Defendant was tried in 1960 and convicted of robbery after a jury trial. Conveniently he escaped from the courtroom be-

fore sentence, remand to the sheriff and commitment. Thereafter he served five years in the Idaho prison. Thereafter he was returned to Utah, brought before the jury trying his case, the veniremen were polled, the guilty verdict entered, followed by commitment and incarceration, from all of which defendant timely did not appeal. A few years later, after Escobedo,[1] (which was not retroactive), defendant obviously conceived another avenue of escape,—not physically but psychologically and procedurally—by filing a civil petition in this court for writ of habeas corpus, which petition was denied. Two years later he filed another such petition here, and to resolve any doubts, this court sent the matter to the District Court for an evidentiary review, as it prerogatively may do,[2] and the petition was heard, findings entered, and a denial of the petition duly recorded.

Defendant says the lower court 1) erred in denying his petition; 2) that he was denied due process under the Fourteenth because of coercion; and 3) was denied counsel under the Sixth.

The record belies these contentions, we think defendant long since had his inning in the court game, that he has not followed the rules with respect to the writ,[3] that the record here demands rejection of the

1. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).
2. Art. VIII, Sec. 4, Utah Constitution.
3. Rule 65B(f), Utah Rules of Civil Procedure.

petition, and that our own cases heretofore decided are dispositive.[4]

CALLISTER, C. J., and TUCKETT and ELLETT, JJ., concur.

CROCKETT, J., does not participate herein.

---

4. Johnson v. Turner, 24 Utah 2d 489, 473 P.2d 901 (1970); Wood v. Turner, 19 Utah 2d 133, 427 P.2d 397 (1967).