Kenneth O. HAHN, Plaintiff and Respondent,

v.

John W. TURNER, Warden, Utah State Prison, Defendant and Appellant.

No. 13573.

Supreme Court of Utah.

Jan. 3, 1975.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and appellant.

B. Maurice Richards, Ogden, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from an order releasing defendant on writ of habeas corpus.

On July 14, 1969, Hahn pleaded guilty to armed robbery, with counsel present. On July 28, 1969, he was sentenced after requesting and being allowed to plead guilty. On August 22, 1969, within the time he could have appealed, he filed a petition for a writ of habeas corpus with this court (our No. 11802), and on August 26, 1969, it was referred to the Third Judicial District Court for hearing. Over a year later, on October 28, 1970, Hahn filed another petition for writ of habeas corpus, in which he apparently perjured himself by stating that "There has not been a previous application for a writ of habeas corpus."

For some unknown, unexplainable, reason, which seems to have been unwarranted, the petition was held in suspense for over three years, when on December 10, 1973, one of the judges of that district, on motion of counsel for Hahn, without any evidentiary hearing, summarily granted the petition and released Hahn, effective in ten days.

It is true that the record, although showing delivery of the information to Hahn, and his knowledge of the offense charged and its penalty, together with presence of and representation by counsel, does not affirmatively reflect knowledgeable voluntariness of entering the guilty plea. However, there are several good reasons why the trial court erred:

1. The second petition was perjurious;

2. It flies in the teeth of Rule 65B(f)(1), Utah Rules of Civil Procedure.

3. The first petition, filed within the time that an appeal could have been taken, would indicate that Hahn or his counsel, if he had counsel at that juncture, knew something about his rights, and could or should have asserted them here by a regular appeal,—which procedure he did not indulge, which precludes him from employing the habeas corpus process as a substitute

for what should be a timely appeal,[1] and leads us to the conclusion that the judgment should be reversed, which it is.

CALLISTER, C. J., and TUCKETT, J., concur.

CROCKETT, Justice (concurring):

I concur in the conclusion of the main opinion that the order releasing the defendant should be reversed. I place my concurrence on the ground stated as number (3) in the concluding paragraph thereof and the following observations:

Under review here is a second petition in habeas corpus, filed more than a year after the time for appeal of petitioner's conviction and sentence had expired, and while a previously filed petition of the same import had not been disposed of. It is my opinion that the second petition did not properly invoke the jurisdiction of the district court, nor of this court.

As pointed out in the opinions of my colleagues, within 30 days of the judgment and sentence, a petition in habeas corpus challenging the district court's procedure as invalid was filed with this court. Inasmuch as a determination of facts was required, the petition was referred to the district court for that purpose. It has never been returned to this court. The petitioner or his counsel were at liberty at any time to pursue that proceeding which made the same challenges to the sentencing procedure and judgment as the instant one.

A primary difficulty with the instant proceeding is that our rules permit a petition for habeas corpus only where it is alleged that there has been no previous adjudication. This impediment should apply with special force where there had in fact been such a previous petition, but it had not been followed through to final disposition. However, setting that matter aside, there is a more fundamental and insuperable reason why this petition for writ of habeas corpus should fail.

This court has announced and reiterated numerous times the necessary and basic rule that after the time allowed for an appeal has elapsed, the petitioner should not be permitted to raise matters which were known to him within time for appeal, and thus use a belated habeas corpus proceeding as a method of circumventing the requirements of appellate procedure. (See cases in footnote 1 of the main opinion.)

While the foregoing in my judgment should be conclusive, there can be added thereto another proposition which to me is also inescapably persuasive that the writ should not have been granted. Even if this habeas corpus proceeding had been properly before the district court, it is my opinion that the district judge acted in error because of a misapprehension as to the applicable law. In the statements he made in the discussion he indicated that he felt compelled to rule as a matter of law that because the record made at the time this petitioner entered his plea before Judge Wahlquist did not affirmatively spell out the details as to the defendant's knowledge of the offense and the penalty therefor, that he must be discharged. With that view I cannot agree.

Under the view expressed in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, subsequent to and explanatory of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 it was his duty and prerogative to determine the facts as to whether the petitioner had knowingly and voluntarily entered his plea. The circumstances shown included the fact that he was represented by reputable, experienced and competent counsel, Gordon I. Huggins, who indicated to the court he had discussed the matter with the petitioner. References were made to several previous offenses he had committed; and that the attorney had been working with him and the Industrial School authorities. On the basis of the factual showing, and these presumptions: of the competence of coun-

1. Brown v. Turner, 21 Utah 2d 96, 440 P.2d 968 (1968); Zumbrunnen v. Turner, 27 Utah 2d 428, 497 P.2d 34 (1972).

sel; of ordinary intelligence of the petitioner; and of the regularity of proceedings; the only reasonable deduction to be drawn therefrom is that the defendant knowingly and voluntarily entered his plea. In any event, the court should have found the fact one way or the other; and he should not have ordered the petitioner's release because of statements of another court in a totally different set of circumstances.[1]

For all of the foregoing reasons, it is my judgment that the order of the district court should be reversed; and that the cause of this petitioner should be handled in the regular course of procedure as provided by our law. The remedy now open to him is through the Board of Pardons.

ELLETT, Justice (concurring and dissenting):

The court unconditionally released Mr. Hahn on stipulated facts presented at the hearing on a petition for release on a writ of habeas corpus.

Those facts are as follows: Mr. Hahn and another defendant were charged with the crime of armed robbery. They were represented by competent counsel, and each entered a plea of guilty to the charge as contained in the Information. They were each referred to the Adult Probation and Parole Department for pre-sentence report. After the court received the report, the defendants were sentenced to prison for the statutory term of "not less than five years which may be for life." Mr. Hahn was eighteen years of age at the time. The record is silent as to what explanation the judge may have told the defendants at the time of plea. Mr. Hahn had served four and one-half years in prison when his petition for writ of habeas corpus was granted.

While it is presumed that a defendant represented by competent counsel will be thoroughly advised as to his rights and the effect of entering a guilty plea, the Supreme Court of the United States has held that the record must affirmatively show that a defendant is fully advised by the court of the elements of the offense, the right to have the State prove them, the sentence which might be imposed, etc., or the prisoner will be released.

The trial court followed those Federal cases and released Mr. Hahn.

The granting of the writ of habeas corpus should be sustained, but the unconditional release of the prisoner should be reversed.

When the court granted the writ of habeas corpus on the ground that the guilty plea was not knowingly and intelligently made, the matter reverted to the status it had before the plea. The petitioner should be held for a proper plea to be made after he has been fully informed of the nature and possible results of entering a plea of guilty.

I wish the federal courts would tend to their constitutional duties and keep out of state affairs. If they would do this, I would agree that the petitioner should not be released on habeas corpus. However, I am convinced that he will be released in the federal inferior court if we reverse this case.

The fact that a prior application for a writ was made and lost in the court records is, in my opinion, no reason for denying due consideration to this matter. The defendant makes no claim of error because there was a prior application made for a writ. This matter is civil in nature, and if the warden did not wish to try the issues raised herein, he should have moved to dismiss on the ground that there was a prior action pending. However, the trial was had on this particular matter, and the warden has asked us to consider his appeal.

The main opinion is in error in assuming that the Rules of Civil Procedure prevent a second application for the writ when there is nothing in the nature of res adju-

---

1. The judge stated that he felt obliged to order the release because of Boykin v. Alabama, referred to above.

dicata involved. The only statement in the rule [1] about a prior application is as follows:

The complaint shall further state that the legality or constitutionality of his commitment or confinement has not already been adjudged in a prior habeas corpus or other similar proceeding; and if the complainant shall have instituted prior similar proceedings in any court, state or federal, within the state of Utah, he shall so state in his complaint, shall attach a copy of any pleading filed in such court by him to his complaint, and shall set forth the reasons for the denial of relief in such other court. In such case, if it is apparent to the court in which the proceeding under this rule is instituted that the legality or constitutionality of his confinement has already been adjudged in such prior proceedings, the court shall forthwith dismiss such complaint, giving written notice thereof by mail to the complainant, and no further proceedings shall be had on such complaint.

In the instant matter the only reason which the petitioner could have given for failing to state the outcome of a prior complaint would be that the court never brought the matter to trial. There has never been a prior adjudication of the contention which petitioner makes in the instant matter.

It seems to me that Mr. Hahn could not have reached the matters about which he now complains by way of an appeal, as the main opinion suggests. The record at the time his plea was entered would not show whether his plea was knowingly and intelligently made. That matter would have to be determined in a habeas corpus proceeding. In this matter the trial judge did determine the status of Mr. Hahn's mind at the time the plea was entered, to wit: That Mr. Hahn did not knowingly and intelligently enter the plea.

We accord the trial judge the privilege of finding the facts in a law case, and we should honor his findings in this matter.

I think the order releasing Mr. Hahn from prison should be affirmed, but the unconditional release from custody should be set aside. Mr. Hahn should be remanded to the custody of the sheriff, and the matter remanded for such further proceedings as may be proper and in the interest of justice.

1. Rule 65B(i), adopted by the Utah Supreme Court effective August 20, 1969.