The STATE of Utah, Plaintiff
and Respondent,

v.

Blaine LARSON, Defendant
and Appellant.

No. 14678.

Supreme Court of Utah.

Feb. 1, 1977.

---

9. *Airkem Intermountain, Inc. v. Parker,* 30 Utah 2d 65, 68, 513 P.2d 429 (1973).

Larry L. Long, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

HALL, Justice:

Defendant, Blaine Olsen Larson, seeks reversal of the lower court refusal to allow him to set aside his plea of guilty and to substitute a plea of not guilty to a charge of knowingly and intentionally possessing marijuana.

Defendant was charged with knowing possession of marijuana in violation of Section 58–37–8(2)(a)(i), U.C.A.1953. Counsel was appointed and a preliminary hearing was waived. Subsequently, the defendant was arraigned in the Fourth Judicial District Court at which time the information was read to him and a copy was handed to him. A plea of not guilty was entered. Three months later, on March 12, 1976, defendant appeared before Judge Bullock and requested a change of plea. After a thorough hearing the court accepted the guilty plea and expressed satisfaction that the plea was entered "freely and voluntarily, without any coercion, promises or threats of whatever nature . . . intentionally, and . . . with a full and complete understanding of the consequences." On March 26, 1976 appointed counsel requested and was granted permission to withdraw. At that time, defendant's new counsel made a motion to withdraw the plea of guilty. A hearing was held and Judge Sorenson refused permission to withdraw the guilty plea.

Defendant was later sentenced to one year in the county jail provided that after the expiration of ninety days he could apply for a suspension of the unserved portion of the sentence.

Defendant argues that he had not made a full disclosure to his appointed counsel because he did not know of a possible defense. He now claims he did not knowingly possess the marijuana which was found by officers in the pocket of overalls he was wearing when served with a warrant of arrest. When present counsel discovered defendant did not actually know there was marijuana on his person at the time, the motion was made to change the plea to not guilty. There was no claim that the appointed counsel was ineffective or incompetent in his representation of defendant.

A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court and a criminal defendant may not withdraw a guilty plea as a matter of right.[1] From the facts it is evident that in accepting the guilty plea the trial court took every precaution to insure defendant understood its consequences. The information recited in lay terms the elements of the crime. Not only had the information been read to defendant and a copy given him, but he had also been previously convicted of the same offense. That in itself is evidence that appellant understood the charge against him.[2] He was represented by competent counsel and defendant's failure to disclose something should not be used to his advantage in later trying to change a guilty plea to not guilty. The trial court has a broad discretion as to whether or not to allow the withdrawal of a guilty plea under Section 77–24–3, U.C.A.1953. The burden lies on the party claiming abuse of discretion to make such a showing, and it is appropriate to bear in mind that the trial court was not obliged to believe the self-serving statements of the defendant as to

1. *State v. Plum,* 14 Utah 2d 124, 378 P.2d 671 (1963); *State v. Lee Lim,* 79 Utah 68, 7 P.2d 825.

2. *Hahn v. Turner,* 530 P.2d 789 (Utah 1975); *Combs v. Turner,* 25 Utah 2d 397, 483 P.2d 437 (1971); and *Price v. Turner,* 28 Utah 2d 238, 502 P.2d 121 (1972).

his claim of a later discovered basis of defense.[3] We are convinced that the trial court took all necessary precautions to insure that the guilty plea was voluntary and that the consequences of such plea were clearly understood by appellant. To hold otherwise would allow a defendant to change his plea at will up until the time of sentencing. The numerous authorities cited by defendant to show abuse of discretion are distinguishable on the facts.

We affirm the trial court's refusal to allow withdrawal of defendant's plea of guilty.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

**3.** *Sullivan v. Turner,* 22 Utah 2d 85, 448 P.2d 907, *Strong v. Turner,* 22 Utah 2d 294, 452 P.2d 323.