**STATE of Utah, Plaintiff and Respondent,**

v.

**Jerome YECK, Defendant and Appellant.**

**Nos. 14826, 14831.**

Supreme Court of Utah.

July 6, 1977.

John T. Caine, of Richards, Caine & Richards, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Robert L. Stott, Asst. Attys. Gen., R. Paul VanDam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

This is a consolidated appeal whereby the appellant appeals from an order denying his motion to withdraw his guilty plea to the charge of theft by deception, a third degree felony, in the Second Judicial District Court, Weber County, State of Utah; and from an order denying his motion to withdraw his guilty plea to the charge of theft by deception, a second degree felony, in the Third Judicial District Court, Salt Lake County, State of Utah. His motion to withdraw his guilty plea in the Second Judicial District Court was denied and he was sentenced to a term in the Utah State Prison not exceeding five years. His motion to withdraw his guilty plea in the Third Judicial District Court was denied, and he was sentenced to a term in the Utah State Prison of one to fifteen years. In each case the execution of the sentence was stayed pending an appeal.

In addition to the charge in Weber County, there was another charge pending in Ogden City Court of Weber County where-

by appellant was accused of obtaining money by false pretenses. There was also a complaint pending in Salt Lake City Court wherein the appellant was charged with one count of forgery and two counts of theft by deception. At the time of arraignment, the appellant was informed that the office of the Utah State Attorney General had received complaints of other white-collar crimes on the part of appellant and that additional felony charges might be instituted.

After a jury was sworn in the Second District Court, Mr. Yeck, through counsel, moved to withdraw his plea of not guilty and to substitute a plea of guilty. The court went into great detail relating to the proposed change of plea. It is very clear that the plea of guilty was voluntarily and intelligently made. Counsel for Mr. Yeck stated that not only was the plea of guilty to be made with his concurrence, but it was to be made with his advice.

In the Third Judicial District Court, on motion of the prosecution, the forgery count and one count of theft by deception were dismissed, and Mr. Yeck was permitted to enter a plea of guilty to the second-degree felony count of theft by deception. This plea was also entered upon advice of his counsel. While the details of the inquiry made in the court of the Third Judicial District regarding the voluntariness of the plea of guilty are not set forth with particularity, it appears to be proper because there is no issue raised in that regard in this appeal. The point raised on appeal is that the right to jury trial is a fundamental one and when requested by an accused prior to sentence, it cannot be denied unless the State will be irreparably damaged.

The right to a jury trial is constitutionally guaranteed but it may be waived, and when no issue is raised as to innocence, there is nothing to try. Once a plea of guilty is knowingly and voluntarily entered, there are no issues for trial. Where, as here, the plea of guilty is entered apparently in a plea bargaining deal, there is no compelling reason to permit it to be withdrawn by the accused. It is a matter lying entirely within the discretion of the trial court and the denial of a motion to withdraw a guilty plea will be reversed on appeal only when an abuse of discretion is shown on the part of the trial judge.[1]

There were no errors in either court in failing to allow the guilty plea to be withdrawn. Each of the judgments is, therefore, affirmed. No costs are awarded.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.

1. *State v. Forsyth,* Utah, 560 P.2d 337 (1977); *State v. Larson,* Utah, 560 P.2d 335 (1977); *Everett v. U. S.,* 119 U.S.App.D.C. 60, 336 F.2d 979, 982, 983 (1964); *State v. Plum,* 14 Utah 2d 124, 378 P.2d 671 (1963); *State v. Lee Lim,* 79 Utah 68, 7 P.2d 825 (1932).