[Crim. No. 39312. Second Dist., Div. Five. Dec. 30, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
DENIS KEITH ROTROFF, Defendant and Appellant.

## COUNSEL

Mary J. Madsen, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Pamela P. Cvitan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

NELSON (J. F.), J.*—In two separate cases combined for plea bargain, the defendant pleaded nolo contendere to ten felonies committed between March 15 and November 28, 1978. In exchange for this plea, seven additional counts were dismissed and allegations of two prior convictions were stricken. Defendant's motion to withdraw his plea was granted as to two counts and denied as to the remainder. Defendant appeals upon the grounds that the trial court abused its discretion in denying the motion in that the defendant had established good cause to permit withdrawal of his plea, and the record shows that the furtherance of justice requires reversal for trial on the merits.

*Assigned by the Chairperson of the Judicial Council.

We find that it was not error to permit the defendant to withdraw his plea to two counts and to uphold the plea bargain on the remaining counts.

## EVENTS PRECEDING JUDGMENT

On January 2, 1979, defendant was arraigned upon an information alleging 14 felony counts. Count I alleged burglary of the Luberacki residence on March 13, 1978, and count II alleged the attempted kidnaping of an occupant, Kristine Luberacki. Count III alleged forcible rape upon one W. C. on July 20, 1978, and count IV alleged burglary of the victim's residence to accomplish the rape. Count V alleged forcible rape of one C. H., age 13, on October 13, 1978; and counts VI and VII charged unlawful sexual intercourse and the commission of a lewd act upon the body of a child as part of the same incident. Count VIII alleged burglary of a residence to commit the C. H. rape, and count IX alleged burglary of the same residence to commit theft. Count X alleged attempted kidnaping of Kimberly Smith on November 27, 1978, and count XI (Veh. Code, § 10851) charged unlawful taking of the vehicle being driven by the defendant at the time of the alleged attempted kidnaping. Count XII alleged the attempted kidnaping of Heidi Spindler on November 28, 1978, and count XIII charged defendant as being a convicted felon in possession of a firearm on the same date. Count XIV charged the defendant with attempted escape from the custody of the sheriff. The information further alleged that the defendant was armed with a firearm at the time of the Spindler offense and with a knife at the time of the W. C. offense.

Under representation by the public defender, the defendant pleaded not guilty to all counts and the special allegations were denied.

On February 20, 1979, defendant unsuccessfully attempted to have the public defender relieved.

On March 24, 1979, defendant allegedly escaped from the custody of the sheriff, and this escape became the basis for an additional information which included two charges of section 10851 Vehicle Code violations (counts II and III of the new information) as well as the escape (count I). The two unlawful takings of motor vehicles were alleged to have occurred the day after the defendant escaped. The information alleged one prior conviction.

The defendant was arraigned upon the additional information on May 21, 1979. On that occasion the defendant was represented by private counsel (Loy), who had been appointed to represent the defendant in the previous case on April 18, 1979. The defendant pleaded not guilty to all counts in the new information and denied the special allegation.

The earlier case had been set for trial upon motion of Mr. Loy for June 25, 1979. On June 19, 1979, Mr. Loy filed a motion to continue this case in which he indicated as grounds that he had been appointed by the court in the defendant's other case, that the investigator appointed by the court would need considerable time to check out a possible alibi as to two of the counts, and that he had had insufficient time to prepare for trial. This motion was denied as was a similar motion on June 27, 1979. The matters were subsequently continued for trial to July 5, 1979.

On July 5, 1979, defendant entered into a conditional plea bargain in each of the cases wherein he withdrew his pleas of not guilty and entered pleas of nolo contendere to counts, I, V, IX, X, XI, XII, and XIV in the first case in exchange for the dismissal of the remaining counts and the striking of the special allegations. In the escape case he also withdrew his plea and entered his pleas of nolo contendere to all three counts in return for which the prior was to be stricken.

The terms of the plea bargain were stated in writings signed by the defendant and his counsel. During the court's thorough and correct explanation of the consequences of the pleas to the defendant, and the equally thorough and legally proper ascertainment by the court of the knowing, intelligent, and understanding waivers by the defendant of applicable rights, the following colloquy occurred:

"THE COURT: Other than those representations in those forms, have there been any other promises made to you to induce you to plead no contest to these charges?

"THE DEFENDANT: Yes, sir.

"THE COURT: What promises are those?

"THE DEFENDANT: My attorney has indicated that I'll be given the opportunity to take a lie detector polygraph test on the remaining—on the counts that were not covered previously on the polygraph of this indictment.

"THE COURT: Of this information.

"THE DEFENDANT: Of this information, complaint, whatever. I'd like to be given that opportunity, and that considered in the sentencing.

"And I'm also informed that we can plead no contest, per the total literal, I guess, definition of that term, and I'd like to do that."

After a correct explanation of the nature and effect of a nolo contendere plea for the defendant by the court, both the defendant and his counsel stated to the court that a reason for defendant's no contest plea was that no effective defense could be made to the respective charges.[1]

The court expressly found that the defendant was represented at the pleas by capable and experienced counsel and that the defendant was fully aware of the nature of the charges and the possible defenses and the consequences of the pleas. The court went on to acknowledge that the defendant was promised, and would be entitled, to have the results of an additional polygraph examination contained in the probation report to be considered for sentencing purposes only.

Following the pleas, a probation report was ordered which was to include results of the additional polygraph examination, and the matter was continued for judgment and sentence to August 16, 1979.

On August 16, 1979, criminal proceedings were suspended and civil MDSO proceedings instituted. Before the MDSO hearing the defendant successfully moved to relieve Loy as counsel and substitute in propria persona in each case.

Defendant's motion to withdraw his plea was heard on December 3 and 6, 1979, and January 21, 1980. Testimony was taken from Loy with respect to statements he had made to defendant regarding the nature of the nolo contendere plea and the right to jury trial in MDSO cases, as well as concerning Loy's ability to prepare for trial in the time allotted. At this stage of the proceedings, defendant was assisted by counsel Steven Perren. The motion was granted as to counts X and XII only, and denied as to the other counts.

After patiently and intently listening to the evidence and arguments for many hours, occasionally interrupting the defendant to correct a misstatement or clear up a point, the court rendered its ruling. It found that defense counsel Loy was not adequately prepared to defend the allegations in counts X and XII and upon that basis permitted withdrawal of defendant's pleas to those counts.[2] Although

---

[1]"THE DEFENDANT: I understand that, but I also understand that there are several things related to those cases that I cannot put an effective defense for this in court, so I'd like to—

"MR. LOY [Defense Counsel]: What he wants to do is with regard to several counts, we want to make sure the record indicates with regard to the Luberacki count, which is Count I, the Smith count, and the Spindler count, which are counts 10 and 11, respectively, that those pleas are going to be entered in the true sense of no contest; that he's aware of the fact that the Court will find him guilty based on that plea, but he's doing a no contest plea as to those counts especially with regard to the fact that he cannot put on an effective defense in trial, and it would not be worth going to trial."

[2]"THE COURT: All right. Well, I am convinced with the merit of your motion as it relates to Counts 10 and 12. I think that you did lack the effective assistance of counsel and counsel was not prepared and, therefore, your waiver of your rights as to Count—Count 10 and 12 of not knowing, intelligent or completely free as I understand them. So your motion is granted as to

requested by the district attorney to do so, the court did not find specifically that counsel was prepared adequately to try the other counts. The court stated that it was simply not convinced "of the merit of his motion as to the other counts."

Mr. Perren was relieved at the request of defendant one month after this ruling, and Peter Goldenring was appointed in his stead. Mr. Goldenring lasted until July 1, 1980, at which time he withdrew over defendant's objection, and Charles Wessler was appointed on August 11.

On seven dates between July 1 and August 18, 1980, defendant renewed motions to withdraw his plea as to count V (the C. H. rape charge). In an attempt to support his contention that his counsel knew that force could not be proved in this rape count, defendant called as witnesses Attorney Loy, a police officer who taped a statement of the defendant following his arrest, several doctors who examined the defendant as a part of the MDSO proceedings, the defendant's ex-wife, and another former counsel. None of this testimony supports the contention that the defendant was improperly advised or misled in his nolo contendere plea to this count.

On October 16, 1980, an evidentiary hearing was conducted in the MDSO matter, and the defendant found not to be an MDSO.

Hearing for judgment and sentence was held on November 5 and 6, 1980. Polygraph reports were included for purposes of sentencing.[3] The C. H. rape charge was declared to be the primary term and for which, upon evidence in aggravation, the defendant was sentenced to the upper term of five years. To this was added two-thirds of a year consecutively for counts I, IX, XI, and XIV of the first case and count I of the escape case. The total sentence was thus eight and one-third years.

## Issues Presented

■ 1. Does permission to withdraw a portion of a bargained plea upon a determination by the court that the defendant lacked effective representation by counsel as to certain of the charges establish good cause for the withdrawal of the remainder of the plea?

---

Count 10 and 12.

"I don't have the same feeling with relation to the other counts. The Court denies your motion as to all the other counts."

[3]While polygraph reports may be of assistance as one factor to be considered together with all other information, at the time of sentencing, we do not wish to infer any erosion of the opinion of this court that such reports are not admissible as evidence upon an issue at trial under the rule of stare decisis. (*People* v. *Adams* (1975) 53 Cal.App.3d 109 [125 Cal.Rptr. 518].)

2. Did the court abuse its discretion in denying defendant's motion for withdrawal of his plea based upon lack of effective representation of counsel?

3. Will the interests of justice be furthered by permitting full withdrawal of the plea?

These three questions are all answered in the negative.

We find on the basis of the record presented that the trial court would have been fully within the proper exercise of its discretion to deny the motion in its entirety. The court did not disturb the balance of the bargain by granting partial withdrawal so as to make it impossible to assure that the agreement could be kept. The court went to great length to assure that no potential "factor over-reaching defendant's free and clear judgment" was left unexamined. (*People* v. *Superior Court (Giron)* (1974) 11 Cal.3d 793, 797 [114 Cal.Rptr. 596, 523 P.2d 636]; *People* v. *Butler* (1945) 70 Cal.App.2d 553 [161 P.2d 401]; *People* v. *Savin* (1940) 37 Cal.App.2d 105 [98 P.2d 773].) We find no abuse of discretion in the denial of defendant's motion to withdraw his plea as to the remaining counts.

■ A plea bargain will not be set aside absent a showing of abuse of discretion (*People* v. *Waters* (1975) 52 Cal.App.3d 323 [125 Cal.Rptr. 46]) and good cause for the withdrawal must be shown by clear and convincing evidence (*People* v. *Cruz* (1974) 12 Cal.3d 562 [116 Cal.Rptr. 242, 526 P.2d 250]). Here the element of good cause is hardly established by the wish of the defendant to be remembered as a convicted child molester rather than as a rapist. When all of the record is examined, it appears that the defendant's overriding concern is not with the want of effective counsel or even with the duration of the sentence, but rather whether his plea admitting the use of threat or force in the C. H. rape matches the peaceful image of himself he wishes to project. Despite the care with which he was advised by counsel that threats overcoming the resistance of a 13-year-old child satisfied the requirements of Penal Code section 261.5, and despite his acting upon this advice in his plea, defendant now seeks to assure everyone that he is not the kind of person who would really use force.

■ The plea bargain was not illusory, as contended by counsel for defendant. The defendant was advised of the permissible sentence for each offense and of the maximum sentence permitted by Penal Code section 1170.1.[4] Partial

---

[4]In the course of the plea, the defendant was advised that the total sentence upon all charges to which he had pleaded nolo contendere could not exceed 10 years in the state prison. (Pen. Code, § 1170.1.) After he was permitted to reinstate his plea of not guilty to two of the charges which

withdrawal of the plea has not invalidated this advice. Before sentence there were two counts of attempted kidnaping to be adjudicated. There is no indication that either of these charges amounts to a violent felony under Penal Code section 667.5. Even if convicted of each offense, the defendant could only have been sentenced to one and two-third years additionally.

As we have pointed out, the record would clearly have supported the trial court's discretion in denying the motion to withdraw the plea in its entirety. The defendant was represented by effective and competent counsel, and we are convinced that the defendant was fully advised and aware of all the consequences of his plea. We read here the record of a clever and system-wise defendant who managed to prolong the pretrial phase of his case so as to make the eventual result at trial of the remaining counts less than predictably just. It would clearly not be in "furtherance of the interest of justice" to require trial on all counts.

The judgment of conviction upon the defendant's plea is affirmed.

Feinerman, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied January 14, 1983, and appellant's petition for a hearing by the Supreme Court was denied March 10, 1983. Kaus, J., did not participate therein.

---

would have been included in the sentence bargain, the court sentenced him to eight and one-third years on the remaining bargained counts. Each of the two remaining charges is an attempted kidnaping. The charges are not related and would, absent the provisions of Penal Code section 1170.1, support consecutive sentences totalling five years at the midterm. (Pen. Code, § 208.)

"However, the total aggregate term by reason of a plea of no contest to all of these counts may not exceed ten years in the state penitentiary.

"Do you understand that?"