[No. B011856. Second Dist., Div. Six. Nov. 6, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD EDWARD McCUTCHEON, Defendant and Appellant.

554

**COUNSEL**

Susan L. Wolk, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert R. Anderson and Robert S. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STONE, P. J.**—Donald Edward McCutcheon appeals from judgment of conviction by guilty plea and resultant 10-year prison sentence. He contends

the trial court erred in denying his motion to strike a prior offense and for adding a five-year sentence enhancement (Pen. Code, § 667), for failing to exercise its discretion to strike his prior convictions at sentencing, and for failing to grant sufficient conduct credits. We find no error and affirm the judgment.[1]

DISCUSSION

I. *No Error in Denying Motion to Strike Prior Conviction.*

 Appellant moved to strike prior offense number two which alleged that, by his plea of nolo contendere entered March 29, 1982, he was convicted of burglary of a residence. Penal Code section 667 provides that, "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."[2] Section 667, subdivision (d), incorporates by reference the list of serious felonies in section 1192.7, subdivision (c), which includes burglary of a residence. Section 667, part of the initiative known as Proposition 8, took effect June 8, 1982, after appellant entered his plea and was sentenced on that prior burglary. Until 1983, section 460 defined first degree burglary as "[e]very burglary of an inhabited dwelling house . . . in the nighttime . . . ." With few exceptions, all other burglaries were of the second degree. Therefore, until 1983, a second-degree burglary conviction might have, but did not necessarily involve, a residence.

Appellant contends that since his prior second-degree burglary conviction antedates the effective date of the statute, it could not be used as a prior residential burglary within the meaning of section 667. He cites *People* v. *Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389] and *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736] for the propositions that proof of a prior conviction establishes only minimum elements of the crime and the prosecution may not go behind elements of a conviction to demonstrate facts not an element of the crime.

He contends further that had he known the word "residential" would have resulted in an additional five years of incarceration, he might have opted to go to trial, and might have attempted to have the word deleted as part of

---

[1]Since appellant raises issues pertaining only to alleged prior offenses and sentencing, we omit as irrelevant a factual statement of the burglary leading to his current conviction.

[2]All statutory references are to the Penal Code unless otherwise indicated.

the plea bargain, or pleaded to a crime other than second degree burglary. Thus, he insists, "of a residence" was superfluous language in March 1982, when he entered his plea. Moreover, he continues, absent express admission in the current proceedings to the residential nature of the prior burglary, neither court nor prosecutor may "look" behind the conviction at items such as the felony information, plea forms, transcript of oral proceedings at time of plea and sentencing, or court minutes.

Is this case controlled by language and reasoning of *People* v. *Jackson, supra,* 37 Cal.3d 826, and *People* v. *Alfaro* (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154], the Supreme Court's most recent expression on the subject, or is it sufficiently distinguishable factually to support a different conclusion? We believe the trial court correctly found it distinguishable.

*People* v. *Crowson, supra,* 33 Cal.3d 623 establishes two principles relevant to proving a prior serious felony conviction under section 667, subdivision (a): ". . . (1) that proof of a prior conviction establishes only the minimum elements of the crime, even if the charging pleading contained additional, superfluous allegations; and (2) that the prosecution cannot go behind the record of the conviction and relitigate the circumstances of the offense to prove some fact which was not an element of the crime. . . ." (*People* v. *Jackson, supra,* 37 Cal.3d 826, 834.)

The *Jackson* court, relying on its prior holding in *People* v. *Crowson, supra,* 33 Cal.3d 623, stated that a judgment of conviction of second degree burglary establishes only the existence of the elements of that offense, which in 1978 did not necessarily include entry of a residence. (*People* v. *Jackson, supra,* 37 Cal.3d at p. 834.)

The California Supreme Court recently adhered to *People* v. *Jackson's* dictum that "'the prosecution cannot go behind the record of the conviction . . . to prove some fact which was not an element of the crime.'" (*Jackson, supra,* 37 Cal.3d at p. 834; *People* v. *Alfaro, supra,* 42 Cal.3d 627, 636.) In *People* v. *Alfaro, supra,* the Supreme Court stated that "proof of the prior conviction is limited to matters which fall within the doctrine of collateral estoppel and thus cannot be controverted." (*Id.* at p. 634.) The court noted that, in *People* v. *O'Bryan* (1985) 37 Cal.3d 841 [210 Cal.Rptr. 450, 694 P.2d 135], it held that residential entry was an element of first degree burglary in 1980, and thus that defendant's conviction for that crime established his conviction of a prior serious felony. (*Alfaro, supra,* 42 Cal.3d at p. 634.)

The Supreme Court in *Alfaro* states that "the 'record of conviction' refers to the judgment, and matters necessarily adjudicated therein." (*Id.* at

p. 636.) However, it noted that "*Jackson* does not strictly limit proof to elements of the crime, but permits proof of any matter which was necessarily adjudicated by the judgment and which defendant had an incentive to contest." (*Ibid.*, fn. 7; see *People* v. *Jackson, supra,* 37 Cal.3d 826, at p. 836, fn. 14.)

Thus, the rationale for the principle that proof of a prior conviction establishes only the minimum elements of the crime and not additional, superfluous allegations is the defendant's lack of reason or incentive to challenge such immaterial surplusage. (*People* v. *Alfaro, supra,* 42 Cal.3d 627; *People* v. *Jackson, supra,* 37 Cal.3d at p. 834; *People* v. *Crowson, supra,* 33 Cal.3d at p. 634.) However, when pleading nolo contendere, appellant had reason to contest the residential allegation. At the time he changed his plea and admitted the residential allegation, the court was prohibited, absent unusual circumstances, from granting probation to a defendant convicted of felony burglary "of an inhabited dwelling house." (§ 462, eff. Jan. 1981.) ■ The phrase "inhabited dwelling house" has been construed to mean a place where a person resides even though temporarily unoccupied. (*People* v. *Chavira* (1970) 3 Cal.App.3d 988, 992 [83 Cal.Rptr. 851].) "Burglary of a residence" is clearly synonymous with burglary of an inhabited dwelling and has long been so understood. (See e.g., *People* v. *Allard* (1929) 99 Cal.App. 591 [279 P. 182]; *People* v. *Rotroff* (1982) 138 Cal.App.3d 796, 798 [188 Cal.Rptr. 378]; also see § 1170.95, subd. (c).) ■ Thus, the allegation was not immaterial surplusage. Although section 462 gave appellant reason to contest the residential allegation in 1982, he did not do so.

The trial court, on hearing appellant's motion to strike, considered *People* v. *Jackson, supra,* 37 Cal.3d 826, and *People* v. *Crowson, supra,* 33 Cal.3d 623, but nonetheless found them distinguishable because of section 462. The court's conclusion was consistent with *Jackson*'s reasoning that a residential allegation in a post-Proposition 8 case is not superfluous because proof of the residential character of the burglary would expose defendant to an enhanced punishment if he later committed a serious crime. Consequently, we are unmoved by his argument that, had he known the import of the word "residential" on future sentences, he would not have entered his plea to the burglary as charged. In most instances there are enhanced punishments for subsequent crimes. (*People* v. *Alfaro, supra,* 42 Cal.3d 627, Mosk dis.)

Additionally, we find no speedy trial or double jeopardy problems here since the language, "residential," was *not* surplusage either at the time of the crime or at the time of his conviction by plea. ■ Moreover, *Jackson* itself acknowledged that there is no constitutional bar preventing application of section 667 to later offenses solely because the prior conviction which

serves as the basis for the enhancement was committed before the initiative passed. (37 Cal.3d at p. 833.) Statutory penalties for an habitual offender arise as an incident of the subsequent offense rather than as a penalty for the prior offense. (*Ibid., In re Foss* (1974) 10 Cal.3d 910, 922 [112 Cal.Rptr. 649, 519 P.2d 1073], disapproved on other grounds in *People v. White* (1976) 16 Cal.3d 791, 797 [129 Cal.Rptr. 769, 549 P.2d 537].) ■ The court properly imposed a five-year enhancement for appellant's prior conviction.

II. *Remand Unnecessary for Exercise of Discretion to Strike Prior Offenses.*

Appellant contends the court failed to exercise its discretion whether to strike either or both prior offenses at time of sentencing, and defense counsel was ineffective in failing to request the court to do so. (*People v. Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) We disagree.

In *People v. Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833], the California Supreme Court held that neither article I, section 28, subdivision (f) of the California Constitution nor section 667 eliminates the trial court's authority to utilize section 1385 to strike a prior conviction for sentencing purposes. In *Fritz,* the trial court erroneously believed it had no discretion to strike the prior offense and refused defense counsel's request. The Supreme Court remanded the matter to allow the court the opportunity to exercise its discretion.

At time of sentencing, *People v. Lopez* (1983) 147 Cal.App.3d 162, 165 [195 Cal.Rptr. 27] held that trial courts have discretion to strike 667 enhancements in post-Proposition 8 cases. ■ Section 1385 requires a court to set forth reasons in an order of dismissal "in the interests of justice." (*People v. Orin* (1975) 13 Cal.3d 937, 944-945 [120 Cal.Rptr. 65, 533 P.2d 193].) There is no requirement that a court state reasons why it chooses *not* to exercise its discretion to dismiss. We presume the court knew the law that existed at the time of sentencing. There is no indication here, as there was in *Fritz,* to the contrary.

■ Further, we do not find defense counsel incompetent in failing to request the court to exercise its discretion under section 1385. Faced with appellant's dismal record and apparent yearnings for return to durance vile, it is highly improbable that the court would have granted the request. Counsel succeeded in convincing the court that the current offense was just a "run of the mill" burglary which merited the midterm of four years rather than the aggravated term of six years. Defense counsel need not make futile objections or motions merely to create a record impregnable to attack for

claimed inadequacy of counsel. (*People* v. *Harpool* (1984) 155 Cal.App.3d 877, 886 [202 Cal.Rptr. 467].)

III. *Appellant Received Proper Conduct Credits.*

 Appellant contends that, since a parole hold was placed upon him October 18, 1984, due to the burglary of September 13, 1984, he should have been entitled to one-for-one credits during the course of his incarceration in county jail, pursuant to section 2933. He argues that since he was a state prisoner confined in a county facility, he was entitled to the same advantages and disabilities suffered by other state prisoners. He was granted conduct credits for his respite as a guest of the county according to Penal Code section 4019, subdivision (4), applying to pretrial detainees who earn six days for every four days spent in actual custody, rather than pursuant to section 2933 which provides one-for-one credit to persons convicted of a crime and sentenced to state prison.

Here, the trial court gave appellant credit for each day of actual custody prior to the date of his sentence. (Cf. *In re Atiles* (1983) 33 Cal.3d 805 [191 Cal.Rptr. 452, 662 P.2d 910].) In addition, he received 68 days conduct credit pursuant to section 4019. He argues that *In re Kapperman* (1974) 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657] and *People* v. *Olivas* (1976) 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375] compel that he has an equal protection right to the opportunity to earn full-time credits. We are unpersuaded and find those cases inapposite.

Penal Code section 2933 provides a postsentence prisoner an opportunity to cut his sentence in one-half by participating in authorized work programs, a more generous formula than that of section 4019 which allows for only a one-third reduction for work performance and good behavior in county jail pending trial. Respondent contends that because no suspect criteria such as financial status or race is involved, the state needs only a rational basis to justify its decision to grant full-time credits to one class while denying it to another. (*McGinnis* v. *Royster* (1973) 410 U.S. 263, 268 [35 L.Ed.2d 282, 287-288, 93 S.Ct. 1055].) We need not decide whether the traditional "rational basis," as opposed to the "strict scrutiny," test applies to appellant's equal protection argument affecting length of time he will be incarcerated (see *People* v. *Olivas, supra,* 17 Cal.3d 236)[3] since even under the strict scrutiny standard adopted in *People* v. *Caruso* (1984) 161 Cal.App.3d 13 [207 Cal.Rptr. 221] and *People* v. *Poole* (1985) 168 Cal.App.3d 516 [214 Cal.Rptr. 502] the amount of credits allowed was appropriate.

---

[3]As Justice Kaus once phrased it, the question is whether "we go first class or tourist." (*Alex T.* v. *Superior Court* (1977) 72 Cal.App.3d 24, 28 [140 Cal.Rptr. 17].)

In *People* v. *Caruso, supra,* 161 Cal.App.3d 13, and *People* v. *Poole, supra,* 168 Cal.App.3d 516, similar but not entirely analogous arguments were posited. In those cases, defendants, pretrial detainees in county jail, later convicted of felonies and sent to prison, argued that they were entitled to the benefit of section 2933 while in county jail. Both *Caruso* and *Poole* held the limited availability of section 2933 credits to postsentence imprisonment is constitutionally valid (*Caruso, supra,* at p. 20), the state has a compelling interest in rehabilitating prisoners (*Poole, supra,* at p. 526), and "the administrative impracticality of providing such programs before sentencing establishes the inevitable ineffectiveness of such programs in accomplishing the underlying state interest in rehabilitation." (*Poole, supra,* at p. 526, fn. omitted.)

■ Under section 2933, the credits must be earned through active participation in qualifying programs. (*People* v. *Caruso, supra,* 161 Cal.App.3d at pp. 19-20.) They are not an automatic entitlement for all persons involuntarily confined. (*People* v. *Rosaia* (1984) 157 Cal.App.3d 832, 845 [203 Cal.Rptr. 856].) Conversely, under section 4019, credits *are* awarded automatically for passive good behavior. (*Id.* at p. 20, fn. 9; *People* v. *Poole, supra,* 168 Cal.App.3d at p. 526, fn. 12.) "(E)ven if section 2933 credits were available before trial and sentencing, many defendants would be unable to work on the full-time basis necessary to earn a one-half reduction of their sentence. (See § 2933, subd. (a).) This inability would result from the many conflicting demands on their time, such as court appearances, appointments with attorneys and investigators, participation in various studies and reports . . . and related travel and preparation time. Maintaining a full-time section 2933 work program in the face of these distractions would be difficult if not impossible for many defendants. Given that reality, it would be merely an empty gesture, as well as an impossible financial and administrative burden, to make section 2933 credits available before sentencing." (*Caruso, supra,* at p. 20.)

■ Appellant attempts to parlay his status as a parolee into a winning ticket for additional conduct credits on the new conviction. He has lost his wager. It was not the function of the trial court herein to calculate prison worktime credits on the prior sentence for which he was on parole, or, for that matter, on his present offense. Prison worktime credits will not ordinarily be a concern of the sentencing court. (*People* v. *Chew* (1985) 172 Cal.App.3d 45, 49 [217 Cal.Rptr. 805].) They are an administrative responsibility of the Department of Corrections subject to administrative review. (*Id.* at p. 50; see §§ 2930-2935.) Section 2900.5, which requires the sentencing court to calculate what credit, if any, is to be applied to the term it imposes, requires the court to determine only "that the defendant was not already serving a term for an unrelated offense when restraints related

to the new charge were imposed on him, and the conduct related to the new charge is a basis for those restraints." (*In re Atiles, supra,* 33 Cal.3d 805, 810, fn. omitted; see also *People* v. *Ross* (1985) 165 Cal.App.3d 368, 376 [211 Cal.Rptr. 595].) The court then calculates applicable credits pursuant to section 4019.

The trial court gave him the correct conduct credits under section 4019 and *In re Atiles.* We find that appellant was similarly situated to the pretrial detainees rather than postsentence prisoners. Consequently, the holdings of *Caruso, Poole,* and *Rosaia* apply and his equal protection argument fails.

The judgment is affirmed.

Gilbert, J., and Abbe, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 25, 1987.